HELEN L. WARNER *vs.* BAY VIEW HOTEL.

JULY 16, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J.   This is a workmen's compensation case in which the superior court, on the motion of the petitioner, issued a *dedimus potestatum* to a notary public in Massachusetts to take the depositions of the petitioner and two of her witnesses in that state.   Respondent thereafter moved to revoke the *dedimus* on the ground that the taking of the deposition of a party was unauthorized and illegal, and on the further ground that the issuance of the *dedimus* on the *ex parte* motion of the petitioner without first giving respondent' an opportunity to be heard thereon was also illegal and void.   After a hearing on the motion to revoke at which evidence was received as to the necessity for taking the deposition of the petitioner the superior court denied and dismissed that motion.

Respondent, believing that it had no other adequate remedy for obtaining a review of that action, applied to this court for certiorari.   On the allegations set forth in its petition therefor it appeared to us that review by certiorari was warranted in accordance with the authority of *Brickle* v. *Quinn,* 63 R. I. 120, and cases cited therein.   We accordingly issued the writ, and in response thereto the clerk of the superior court has made a return of that court's record of its proceedings in the instant case.

That return shows that the petitioner filed her petition for workmen's compensation on October 14, 1943, in which she alleged that she received an injury by accident arising

out of and in the course of her employment by the respondent at its hotel in Jamestown in this state on June 23, 1942. She further alleged therein that she was then totally disabled and under the care of her physician. It also appears that petitioner was a patient in a hospital in Brookline, Massachusetts, and later in a convalescent home while her petition was pending in the superior court, and that at the time the court issued the *dedimus* on March 1, 1948 she was confined to her bed and that, in the opinion of her physician, she would so continue the greater part of the time for at least a month. The return finally shows that the justice of the superior court who heard the respondent's motion to revoke the *dedimus* held that it was properly issued under the authority of general laws 1938, chapter 528, §17, or chap. 300, art. III, §14, and that no cause had been shown for revoking it.

Respondent contends that neither of the above-cited statutes governs the taking of depositions in a workmen's compensation case, but that the applicable statute is G. L. 1938, chap. 539, §1, and that such statute does not authorize the taking of the deposition of a party. Petitioner on the other hand contends that, since the procedure in workmen's compensation proceedings follows the course of equity, the trial justice properly rested his decision on the provisions of §17, chap. 528, which governs the use of depositions in equity suits.

We are of the opinion that petitioner's contention is correct. Workmen's compensation proceedings strictly are neither actions at law nor suits in equity but special statutory proceedings which, however, the legislature has made more nearly akin to equity than to law. And this court has held that the legislature has clearly indicated in the workmen's compensation act that the procedure therein should follow the practice in equity. *Jules Desurmont Worsted Co.* v. *Julian,* 56 R. I. 97. Therefore G. L. 1938, chap. 539, §1, would not be applicable in a workmen's compensation case in the absence of the promulgation of a

general order by the superior court or the entry of a special order by a justice of that court in a particular case, pursuant to G. L. 1938, chap. 300, art. III, §14, which expressly provides that "The superior court shall prescribe forms and make suitable orders as to procedure adapted to secure a speedy, efficient and inexpensive disposition of all proceedings under this chapter; and in making such orders said court shall not be bound by the provisions of the general laws relating to practise. In the absence of such orders, special orders shall be made in each case."

The superior court has promulgated no general order with reference to the use of depositions in workmen's compensation cases. Nor was any special order of that nature expressly entered by the trial justice in the particular case which we are now considering. On the contrary he expressly approved the practice prescribed in G. L. 1938, chap. 528, §17. If his further reliance upon G. L. 1938, chap. 300, art. III, §14, may be deemed in effect to be a special order it must be construed as adopting the procedure prescribed in chap. 528, §17, for practice in equity and causes following the course of equity.

The question here, therefore, resolves itself into whether or not the issuance *ex parte* of a *dedimus* to a notary in Massachusetts to take the deposition of the petitioner was a proper compliance with the provisions of §17. The part of that section with which we are concerned is as follows: "At any time after a cause is at issue, except in vacation, commissions to take testimony orally, on examination and on cross-examination, may be taken out, as of course, jointly by both parties; or for cause shown, upon special order of the court, may be taken out by either party."

It will be noted that those provisions are confined to the taking of oral testimony where full opportunity to examine and cross-examine is prescribed; that the taking of testimony is not confined to witnesses; that a commission may be taken out by one party for cause shown, that is,

to the satisfaction of the justice who issues it; and that no notice to the opposite party of such action is required. However, later in the section the rights of the opposite party in such a case are safeguarded by requiring observance of the provisions of G. L. 1938, chap. 539, governing the taking of testimony by the commissioner. One of those provisions is that if the deposition is taken without this state "the party causing such depositions to be taken shall notify the adverse party, or his attorney of record, of the time and place appointed for taking the same * * * ." Chap. 539, §5.

However, where the commission is to take testimony not orally on examination and cross-examination but upon interrogatories filed in the clerk's office, it is further expressly provided by chap. 528, §17, that the party taking out the commission shall give the adverse party ten days' notice thereof in which to file cross-interrogatories before the commission is issued, and if no cross-interrogatories be filed within such period the commission may issue *ex parte*. Apparently in the first instance the legislature saw no need of notice to the other party before the issuance of a commission to take oral testimony, on examination and cross-examination; while in the second instance, where there was to be no oral examination, the necessity of such notice to enable the adverse party to avail himself of the right to interrogate by filing cross-interrogatories was expressly recognized.

In the case at bar the *dedimus* called for the taking of the testimony by oral examination. On March 1, 1948, when it was issued, the court was not in vacation and the cause was at issue. Under our construction of §17 there was thus a full compliance therewith notwithstanding that the *dedimus* issued *ex parte*.

Respondent's second point that there is no authority for taking the deposition of a party in a pending cause would present some difficulty if chap. 539, §1, were the statute which governs this case. It has been held that under

such statute a deposition of the *adverse party* may not be compelled. *Tilden-Thurber Corp.* v. *Farnell,* 43 R. I. 42. Whether or not under it a party may have his own testimony taken by deposition appears never to have been decided. However, since we have held that the instant case is one which follows the course of equity and therefore is not governed by chap. 539, we are not confronted here with the necessity of deciding that question. The only question presented for our determination is whether chap. 528, §17, should be construed as authorizing only the deposition of a witness.

The use of depositions in actions at law was unknown to the common law. The parties to such actions could require all witnesses to testify *viva voce* in open court. However, since 1798 or earlier, depositions were allowed to be taken and to be used under certain express conditions in such actions in this state. Laws of 1798, p. 259. And many of those conditions were soon thereafter abolished. Compare laws of 1822, p. 200. On the other hand, the use of depositions in equity has always been a familiar practice.

Indeed, in this state until 1876 it was the rule that: "In all equity causes the proof shall be by deposition, according to the course of courts of chancery, unless otherwise ordered by the supreme court in session or by a justice thereof in vacation." Rev. Stat. 1857, chap. 187, sec. 31. Later it was provided: "In every suit or other proceeding in equity, a party thereto shall testify only by deposition, except in the trial of an issue of fact to the jury, when he may testify by deposition or orally in court. In such suit or proceeding, either party may summon or permit the other to testify orally in court, and other persons shall testify therein by deposition, unless otherwise ordered by the court in session, or by a justice thereof in vacation." Gen. Stat. 1872, chap. 203, sec. 34. And thereafter by virtue of P. L. 1876, chap. 563, sec. 14, these restrictions on oral proof were abolished so that "upon the trial of any suit or proceeding in equity, oral testimony may be offered

by either party, under like restrictions and with like effect as in trials at law." That provision was later incorporated in sec. 20 of Pub. Stat. 1882, chap. 192. And in that revision in chap. 214, sec. 34, it was also provided that: "In every civil action or civil proceeding at law, a party thereto or any other person may testify by deposition or orally in court, except as otherwise in this chapter provided."

It is apparent from this statutory history that the objective sought to be obtained by statute was the right in equity to testify orally by relaxing the restriction that originally confined proof therein to depositions both by parties and witnesses. The successive amendments of the statutes above set out make that fact clear. In our opinion they cannot reasonably be subjected to a construction that forbids a party in equity or in one following the course of equity from testifying by deposition on his own motion, which is the precise question that we are called upon to decide here. And there is nothing in the general laws of 1938 or in any amendment thereto which should lead us to alter that opinion. At least no provision of those laws has been called to our attention nor have we found any which would justify us in holding that in a proceeding following the course of equity a justice of the superior court may not grant a *dedimus* to enable a party on his own motion to testify by deposition. Where the express conditions of chap. 528, §17, which we have hereinbefore set out, have been complied with, as they were in the case at bar, such a *dedimus* is properly issued.

The final question is whether on the evidence before him the trial justice abused his discretion in denying respondent's motion to revoke the *dedimus*. Ordinarily we should expect that such a motion would be grounded on an alleged error of law as in *White* v. *White*, 22 R. I. 602, and not upon an alleged abuse of discretion by the trial justice on a consideration of evidence. Assuming without deciding that after a *dedimus* has once issued in equity a justice of the superior court may on motion of the adverse party

inquire into the cause for such issuance as a possible ground for revocation for improvident issuance in the first instance, we are of the opinion that respondent here has shown no cause that would justify us in saying that the trial justice abused his discretion in denying and dismissing the motion to revoke.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records which were certified pursuant thereto are ordered sent back to the superior court.

*Francis I. McCanna,* for petitioner.

*Francis V. Reynolds,* for respondent.