WALSH-KAISER COMPANY, INC. *vs.* CESIDIO DELLA MORTE.

DECEMBER 9, 1949.

PRESENT: Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is a petition for review by an employer under the provisions of the workmen's compensation act, general laws 1938, chapter 300, to determine the extent of employee's disability and the amount of compensation due him, if any. After a hearing in the superior court a decree was entered terminating compensation, whereupon the respondent duly prosecuted his appeal to this court.

The agreement originally provided for the payment of compensation for total incapacity due to injuries to respondent's chest when, on April 21, 1945, he tripped and fell on a plank that he was carrying in the course of his employment. When the present petition was brought the respondent was receiving compensation for partial incapacity under that agreement. He now contends that the decision of the trial justice is not supported by any legal evidence in that he misconceived the evidence, which constitutes an error of law reviewable by this court. Under such a claim it becomes necessary to set forth the testimony with some particularity.

The only witness for the petitioner was Dr. Louis A. Sage who, as an impartial examiner appointed by the director of labor, examined the respondent on July 8, 1948. Omitting all reference to the incidentals of that examination, such as the patient's history and the examination of X-ray films, Dr. Sage in his direct and redirect testimony testified that clinically he found "nothing significant objectively" to account for the patient's complaint of great pain in the left region of the chest upon breathing; that "Patient has what is apparently acute tenderness over the anterior ends of the lower third and fourth ribs on the left, particularly over the costochondral junction," and tenderness "over the Xiphoid process of the sternum and over the left sternoclavicular joint," with increased motion of that joint as compared with the right but without objective evidence of dislocation or bone disease. His opinion was that at first the respondent "should try lighter work in order to get used to work, and then to do heavier work later."

In cross and recross examination Dr. Sage testified that there were acute points of tenderness in respondent's chest which were "obvious on the lightest touch," and that in chest injuries of the type suffered by the respondent "there is often a tearing feeling or a slight tear—I don't know how much—of cartilage from the sternum to the end of the rib. * * * The condition is very painful but it isn't serious."

He further testified: "Q. And in your opinion it is that type of pain that he is suffering from? A. Yes."

Since pain is a subjective symptom possible of misrepresentation, respondent's counsel, apparently seeking to avoid the charge or inference that his client was malingering, pointedly asked Dr. Sage in cross-examination the following question: "In all sincerity, Doctor, do you doubt that he has this pain?" The answer was: "I don't think I should say that I doubt him, no." There is no evidence anywhere in the record that directly or indirectly tends to question respondent's honesty.

Doctor Vincenzo DiSanto, the medical witness for the respondent, testified that the latter had been under his care for several years for the chest condition hereinbefore described; that the patient had shown little if any improvement from diathermic treatments; and that, although he could find nothing objectively to account for the pains in the chest, he was of the opinion that respondent was then unable to do any work because of that condition.

The respondent, who was over fifty years of age, testified that he had always been employed as a common laborer doing hard manual work. Summarily stated, he described his condition as continuous inability to breathe without pain in his chest, both front and back, and that such condition persisted notwithstanding that he had "gone to all the doctors" named by petitioner. He further testified that he had tried unsuccessfully to obtain lighter work at a number of places and as proof of that fact he offered to introduce in evidence letters from four concerns to which he had applied for such work. This offer was rejected upon objection by the petitioner. Cross-examination was waived.

In his written decision of January 17, 1949 the trial justice made the following findings of fact and order: first, that the employee was able to do lighter work on July 8, 1948; second, that if such lighter work had been performed at that time he would by this date be able to

do heavier work; third, that his capacity for work had been fully restored as of the date of this decision; and, fourth, that compensation payments to the respondent by his employer or its insurance carrier "shall cease as of this date."

The decree entered on the foregoing decision is substantially defective in that it does not comply with the provisions of §6, article III, of the act which requires that the decree contain the ultimate findings of fact of the trial justice. Here they are summarized and set forth as one finding, namely, that "the respondent is no longer disabled by reason of the injury referred to in the preliminary agreement entered into between the parties." Such procedure is disapproved because it not only disregards the clear language of the act but also tends to establish a practice that may create confusion in this class of cases. See *General Scrap Iron, Inc.* v. *LaPorte,* 68 R. I. 98.

The evidence in this case, which we have purposely related with some particularity, falls into two categories: first, conflicting opinion evidence from the doctors; and, secondly, uncontradicted and unimpeached factual evidence from the respondent. Our well-settled rule applicable in this case need not be repeated here. Under such rule findings of fact by a trial justice which are not supported by legal evidence are erroneous in law and will be reversed.

After carefully examining the evidence in the present record we are of the opinion that the first finding, which in effect is that on July 8, 1948 the respondent was partially incapacitated, is supported by legal evidence, but that the second and third findings are not supported by such evidence for the reason that in the special circumstances of this case the trial justice was not warranted in disregarding the uncontradicted and unimpeached testimony of the respondent as to his then actual physical condition and the efforts he had made to secure lighter work while in that condition. His testimony in those respects was not in-

herently improbable and his truthfulness as to the existence of continuous pain in the chest on breathing to the extent hereinbefore outlined was admitted by Dr. Sage and not otherwise questioned.

We fully appreciate that a witness may be contradicted by the facts which he states as completely as by adverse testimony. A court is not bound to accept the testimony of a witness as true merely because there is no direct testimony contradicting it, where it contains inherent improbabilities or contradictions which alone or with other circumstances in evidence affect its weight or credibility. But the rule is quite different where the positive testimony of a witness is uncontradicted and unimpeached by other positive testimony or by circumstantial evidence, either intrinsic or extrinsic. Material testimony on a controlling issue that meets so rigid a test rarely occurs, but when it exists, as it clearly does in the instant case, it cannot be disregarded and will control the decision of the trier of facts. *Somerset Realty Co.* v. *Shapiro,* 51 R. I. 417, 420; *Gorman* v. *Hand Brewing Co.,* 28 R. I. 180, 183. See also *Baccari* v. *W. T. Grant Co.,* 73 R. I. 376, 378.

Applying this latter rule to the unusual circumstances in the present case it is our judgment that the second and third findings of the trial justice are based on assumptions as to what might have been the result to respondent's physical condition if certain things had been done rather than on the latter's uncontradicted and unimpeached testimony to the extent hereinbefore indicated. In such a situation those findings are not supported by legal evidence and therefore are erroneous. On the record before us the respondent is entitled to receive compensation for partial incapacity at the rate in force when the present proceedings were instituted.

The respondent's appeal is sustained, the decree appealed from should be modified in part, and on December 19, 1949 the parties may present to this court a form of decree, in

accordance with this opinion, to be entered in the superior court.

*Boss & Conlan, James C. Bulman,* for petitioner.

*Aram A. Arabian,* for respondent.