JOHN CARR *vs.* GENERAL INSULATED WIRE WORKS, INC.

MARCH 26, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

ROBERTS, J. This is an employee's original petition for compensation. It was heard by a trial commissioner who thereafter entered a decree wherein he awarded the petitioner compensation for total incapacity but denied his prayer for specific compensation. On an appeal from that decree to the full commission by each of the parties a decree was entered affirming the decree of the trial commissioner. From the latter decree both the petitioner and the respondent have prosecuted an appeal to this court. The employer also prosecuted a petition for certiorari. However, because of our disposition of the appeals from the decree there is no need to consider such petition.

The record discloses that petitioner alleges that while at work for respondent on October 10, 1957 he was injured by reason of a fall and that he received compensation therefor under a non-prejudicial agreement for a period of thirteen weeks. The instant petition was not filed until October 7, 1959, hearings thereon beginning on November 9, 1959 and continuing at intervals until January 11, 1962, when the trial commissioner filed his decision. He found therein that petitioner had failed to establish by a fair preponderance of the evidence "that his present incapacity is, in any way, causally related to or connected to or caused by the fall at work on October 10, 1957" and concluded that the petition should be denied and dismissed. It is not disputed, however, that the trial commissioner did not enter a decree on this decision.

Rather, on petitioner's motion of January 16, 1962 the cause was reopened, and further testimony was adduced in

behalf of petitioner through two medical witnesses. Thereafter, on April 3, 1962, the trial commissioner filed a second decision in the cause wherein he concluded that petitioner had proved that total incapacity had resulted from his fall at work but that he had failed to establish any entitlement to specific compensation by reason of the total loss of the use of a leg as provided in G. L. 1956, §28-33-19. On December 20, 1962 the trial commissioner entered a decree on this decision wherein he awarded petitioner compensation for total incapacity from November 23, 1957 but denied him specific compensation. On appeal by each of the parties, the full commission thereafter, on May 29, 1963, entered a decree affirming that of the trial commissioner, and the cause is in this court on the appeal of each of the parties from that decree.

The petitioner's reasons of appeal are directed to the denial by the trial commissioner of his prayer for specific compensation. The respondent, however, questions primarily whether the trial commissioner, after having decided the cause and prior to the entry of a decree on the decision, may, acting within his authority, reopen the cause for the purpose of taking further testimony. The basic thrust of respondent's reasons of appeal, in our opinion, is stated in reason numbered 10, which reads: "The Trial Commissioner had no jurisdiction to redecide the case and hence the Full Commission was without jurisdiction or authority to review a decree based upon a redecision of the cause by the Trial Commissioner."

This contention of respondent was presented to and passed on by the full commission. The decree of the full commission affirmed in general terms the decree of the trial commissioner, but the decision of the full commission discloses that the holding that the trial commissioner in reopening the case in the instant circumstances did not act in excess of his jurisdiction was based on the proposition

that procedurally compensation follows the course of equity. Holding that in an equity proceeding it is within the discretion of a trial justice to reopen a cause at any time prior to the entry of a decree, the full commission concluded that a trial commissioner is vested with similar discretion. The respondent in this court argues that the provisions of §28-35-27 which govern the disposition of a cause by a trial commissioner after hearing preclude any reopening of a cause after decision thereon even though a decree has not been entered.

This court has held that in enacting the workmen's compensation act the legislature intended that the procedures provided therein were to follow the practice in equity. *Campbell* v. *Walsh-Kaiser Co.*, 78 R. I. 290, 293. The rule, however, is not absolute, and certainly it does not preclude the legislature from prescribing procedures for the administration of the act that would be contrary to the equity practices governing similar situations. The concept underlying this rule is disclosed in *Warner* v. *Bay View Hotel*, 74 R. I. 264, where this court specifically noted at page 266 that "Workmen's compensation proceedings strictly are neither actions at law nor suits in equity but special statutory proceedings which, however, the legislature has made more nearly akin to equity than to law. And this court has held that the legislature has clearly indicated in the workmen's compensation act that the procedure therein should follow the practice in equity." It is, in our opinion, within the legislative power to prescribe specific procedures in compensation matters that do not conform to the practice in equity which applies in similar situations. It appears then that the question presented here is whether the legislature, in providing for procedures governing the disposition of matters by a trial commissioner as set out in §28-35-27, intended to preclude the trial commissioner from reopening a cause after decision but prior to the entry of a decree.

Section 28-35-27 prescribes with considerable specification the manner in which a trial commissioner shall hear and determine a petition for compensation. It is therein provided that in controversies over which the commission has jurisdiction "any member thereof shall * * * hear all questions of law and fact involved therein and presented by any party in interest, and he shall within ten (10) days after the hearing, unless the parties otherwise agree, decide the merits of the controversy pursuant to the law and the fair preponderance of the evidence and notify the clerk of the commission thereof, who shall forthwith by mail notify the parties. Within seventy-two (72) hours of the mailing of the notice, exclusive of Sundays and holidays, the commissioner shall enter a decree upon the decision, which shall contain findings of fact, but within that time any party may appear and present a form of decree for consideration."

The statute, in our opinion, prescribes a mandatory procedure to be followed by a trial commissioner in hearing and determining a petition for compensation. It requires a decision on the petition but allows a period of ten days after the termination of hearings within which such decision may be made. However, once decision is made, notice thereof is to be given to the clerk of the commission who shall forthwith notify the parties of the decision by mail and requires that a decree be entered on the decision within three days after the time of the mailing of the notice. In our opinion these statutory provisions preclude a trial commissioner from reopening the cause for further hearing once he has initiated the process ordered therein by the making of a decision. Such provisions obviously imply that a decision, once made in a cause, be communicated promptly to the parties thereto by mail and that the decree on that decision be entered within seventy-two hours of the mailing of such notice. *Morton C. Tuttle Co.* v. *Carbone,* 84 R. I. 375.

We find inescapable the conclusion that the provision for the entry of a decree on the decision within seventy-two hours was intended to preclude any undue delay in the processing of the cause from decision to decree and reflects a legislative view that the obligation to frame the decree falls upon the trial commissioner absent a prompt submission of a form of decree to him within the time period stated. In reaching the conclusion that the trial commissioner has no jurisdiction to reopen a cause once a decision has been made, we consider the provision that the decision may be made at any time within a ten-day period as significant of a legislative intent to provide for the reopening of the hearing prior to the entry of decision on a motion therefor addressed to the sound discretion of the trial commissioner. To this extent only did the legislature intend that the procedure follow the practice applicable in similar situations in equity.

It is our opinion that the trial commissioner erred in reopening the instant cause for further hearing and admitting into evidence therein the testimony adduced from medical witnesses. However, as we have noted, an appeal from a decree of the full commission to this court renders the decree of the trial commissioner interlocutory, and all future appellate proceedings rest upon the decree of the full commission. *Savage* v. *Mark Elevator Co.*, 83 R. I. 401, 404. We turn then to the question whether the full commission erred in affirming the decree of the trial commissioner.

The jurisdiction of the full commission to review a decree of a trial commissioner is set out in §28-35-28, which reads in pertinent part: "The full commission shall forthwith review the decree upon the record of the case and shall file a decision pursuant to the law and the fair preponderance of the evidence * * *." In *United States Rubber Co.* v. *Dymek*, 87 R. I. 310, we considered the nature of the jurisdiction thus conferred by the statute and at page 313

said that it "is limited to a review upon the record as it was established at the hearing before him. There is nothing in the act which would authorize the full commission, when reviewing a decree on such an appeal, to amend or enlarge that record either by remanding it to the trial commissioner or by other procedure." In that case we held that the full commission acted in excess of its jurisdiction when it remanded the cause to the trial commissioner to be reopened after the entry of a decree for the purpose of obtaining evidence as to the earning capacity of an employee at a time subsequent to the determination by the trial commissioner of the petition.

We do not perceive, however, that respondent is contending here that the full commission is without jurisdiction to review a decree of the trial commissioner in the instant circumstances. Rather, it is contending that it was error on the part of the full commission to hold that the trial commissioner had acted within his jurisdiction in reopening the case and admitting into evidence the testimony of the medical witnesses. In other words, respondent is not contesting the jurisdiction of the full commission to correct errors of law on the part of a trial commissioner, for it appears to us that that is one of the precise issues raised on its appeal from the decree of the trial commissioner. We are in agreement with the concept underlying this contention of respondent. The statutory requirement that the full commission review a decree of a trial commissioner on the record contemplates a record containing only legal evidence lawfully obtained, and nothing in the statute, in our opinion, excludes from the jurisdiction of the full commission power to correct the errors of a trial commissioner by expunging from such record evidence unlawfully admitted thereto.

We are constrained to conclude that the full commission erred in holding that the trial commissioner had acted within his jurisdiction in reopening the cause and admitting

further testimonial evidence and in not expunging from the record the evidence thus unlawfully included therein. We reach this conclusion aware of the circumstances that surrounded the termination of the taking of testimony at the hearing before the trial commissioner. It appears that the introduction of evidence was halted amid some confusion as to the precise issue to which such testimony was material and relevant. The record discloses a commendable concern on the part of the trial commissioner because of the adverse effect such confusion may have had upon petitioner's rights. It discloses also, however, that neither of the parties directed his attention to the true relationship between the evidence in question and the issue at trial.

In all the circumstances, however, we find the conclusion inescapable that the cause must be remanded to the full commission for the purpose of enabling it to make a review of the decree of the trial commissioner pursuant to the intent of the statute, that is, on a record purged of such evidence that may unlawfully have been included therein. In so doing we are constrained to direct the attention of the full commission to its authority to enter decrees without prejudice when in the performance of its appellate function it clearly appears that only such a procedure will prevent manifest injustice from being done to either or both of the parties to the controversy.

The petition for certiorari is denied and dismissed without prejudice and the writ heretofore issued is quashed.

The respondent's appeal is sustained and it is therefore unnecessary to consider the petitioner's appeal, the decree appealed from is reversed without prejudice, and the cause is remanded to the workmen's compensation commission for further proceedings in accordance with this opinion.

ON MOTION FOR REARGUMENT.

APRIL 14, 1964.

PER CURIAM. After our opinion in the above case was filed the petitioner asked and received permission to file a motion for reargument. Pursuant thereto he has filed such a motion, setting out therein certain reasons on which he bases his contention that justice requires a reargument of the case.

We have carefully considered these reasons and are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*Edward I. Friedman,* for petitioner.

*Joseph A. Kelly,* for respondent.