213 A.2d 700.

JOHN CARR *vs.* GENERAL INSULATED WIRE WORKS, INC.

OCTOBER 19, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

ROBERTS, J. This is an employee's original petition seeking compensation for total incapacity and for specific injuries pursuant to the pertinent provisions of G. L. 1956, §28-33-19. The cause is now before this court on the petitioner's appeal from a decree of the full commission entered on October 26, 1964 affirming a decree entered on May 20, 1964 by a trial commissioner, in which the instant petition was denied and dismissed. The cause has been

before this court on prior appeals taken by both the petitioner and the respondent from the decree of the full commission entered on May 29, 1963, at which time the cause was remanded by this court to the full commission for further proceedings in accordance with our opinion in *Carr* v. *General Insulated Wire Works, Inc.*, 97 R. I. 487, 199 A.2d 24.

The record discloses that petitioner was injured in 1957 while in the employ of respondent and was paid compensation for total incapacity for a period of thirteen weeks on the basis of a nonprejudicial agreement. Thereafter he filed the instant petition for compensation, and after a hearing thereon a trial commissioner filed a decision on January 11, 1962 wherein he found petitioner had failed to establish that his injuries were compensable and denied and dismissed the petition. Thereafter and before a decree was entered thereon, petitioner moved that the cause be reopened for the submission by him of further testimony on the question of causation. The motion was granted, and on December 20, 1962, after the reception of additional evidence, the trial commissioner entered a decree granting petitioner compensation for total incapacity but denying him specific compensation.

This decree of the trial commissioner was appealed to the full commission, and on May 29, 1963 the full commission entered a decree in which the decree of the trial commissioner was affirmed. From the decree of May 29 appeals were taken to this court both by petitioner and respondent. We held that the contention of respondent had merit, that is, that the trial commissioner was without jurisdiction under the statute to reopen the case in the circumstances and to hear further evidence. We said that we were constrained to "conclude that the full commission erred in holding that the trial commissioner had acted within his jurisdiction in reopening the cause and admitting fur-

ther testimonial evidence and in not expunging from the record the evidence thus unlawfully included therein. * * * In all the circumstances, however, we find the conclusion inescapable that the cause must be remanded to the full commission for the purpose of enabling it to make a review of the decree of the trial commissioner pursuant to the intent of the statute, that is, on a record purged of such evidence that may unlawfully have been included therein." *Carr* v. *General Insulated Wire Works, Inc., supra.*

After remand and pursuant to our opinion, the full commission entered an order dated May 15, 1964 wherein it expunged from the record all of the testimony and exhibits admitted during the course of the extended hearing; vacated the decree of the trial commissioner dated December 20, 1962; reinstated the decision of the trial commissioner filed on January 11, 1962; and remanded the cause to the trial commissioner for the entry of a decree upon the decision filed January 11, 1962. The trial commissioner subsequently complied with this order of the full commission and on May 20, 1964 entered a decree in which he found, inter alia, that petitioner had failed to prove "that his present incapacity is, in any way, causally related to or connected to or caused by the fall at work on October 10, 1957" and denied and dismissed the petition.

The procedures followed by the commission after our remand of the cause were, in our opinion, entirely proper. We recognize that in *United States Rubber Co.* v. *Dymek,* 87 R. I. 310, we held that the full commission is without jurisdiction on review of a decree of a trial commissioner to remand the cause for amendment or enlargement of the record. It is clear, however, that here the reference of the cause back to the trial commissioner was only for the entry of a decree upon the record established at the original hearing. In the circumstances we find no error in the procedures adopted by the commission to clear the record of evi-

dence unlawfully admitted and to obtain from the trial commissioner a decree on the record as established prior to the reopening of the original hearing.

From the trial commissioner's decree entered on May 20, 1964 upon the decision of January 11, 1962 petitioner prosecuted an appeal to the full commission, and on October 26, 1964 a final decree was entered in the cause, affirming the decree of the trial commissioner entered on May 20, 1964. The cause is now before this court on petitioner's prosecution of an appeal from the October 26, 1964 decree of the full commission.

We turn to a consideration of the merits of this appeal aware of the posture in which it has been presented to us. We are asked to hold that the commission erred in affirming the decree of the trial commissioner wherein he made findings that petitioner had failed to prove a causal relationship between his incapacity and his fall while at work in October 1957. That decree was entered by the trial commissioner pursuant to a decision filed by him in January 1962 reflecting a record that did not include evidence admitted after petitioner, becoming aware of the adverse conclusions of the trial commissioner, had moved to reopen the cause for the production of further evidence. We attach significance to the fact that the decision upon which that decree was based reflects his conclusions reached at a time when the record was free of evidence on the pertinent issues that had been improperly admitted after reopening.

Viewed in this light, the voluminous reasons of appeal filed by petitioner contain much that is irrelevant. In all the circumstances the reasons of appeal must be deemed to raise but a single issue: whether there is in the record any legally competent evidence to support the trial commissioner's finding, affirmed by the full commission, of a failure of proof on the issue of causation. It has been repeatedly stated that under the statute findings of the commis-

sion supported by legal evidence are, in the absence of fraud, conclusive upon this court. *Tromba* v. *Harwood Manufacturing Co.*, 94 R. I. 3. We are constrained to conclude then that the controlling consideration must be whether the evidence relating to causation was in conflict and renders findings of the commission thereon immune from review by the court.

After an examination of the transcript, we are persuaded that the evidence in the record here on the issue of causation is in conflict. While evidence adduced through a medical witness, Dr. Caroll M. Silver, could well have tended to prove a causal connection in this case, other testimony adduced through him is susceptible of entirely reasonable inferences tending to establish the want of a causal connection between the fall in 1957 and the present incapacity. The petitioner argues strenuously that there is affirmative evidence as to the existence of the causal connection that is uncontradicted and unimpeached and, therefore, must control in the premises. It is to be conceded that where evidence on a material issue is in fact uncontradicted and unimpeached, it will be controlling, *Walsh-Kaiser Co.* v. *Della Morte*, 76 R. I. 325, absent a specific rejection thereof by the trier of the fact. See *Jackowitz* v. *Deslauriers*, 91 R. I. 269. However, we are unable to agree that such affirmative evidence requires in the instant case an application of that rule.

Here evidence was adduced through the same medical witness that was susceptible of entirely reasonable inferences negating the existence of such a causal connection. The petitioner, as we understand him, assumes that in such circumstances the commission is not free to draw any reasonable inferences that tend to negative other testimony of the witness adduced to establish that there was a causal connection. With this we cannot agree. The commission is free to draw those inferences, and in contending other-

wise petitioner misconceives the nature of the fact-finding power of the commission. In *McDonald* v. *John J. Orr & Son, Inc.*, 94 R. I. 428, this court had occasion to discuss the latitude within which the commission may exercise its fact-finding power. We said in that opinion at page 431: "Where the commission, in an exercise of its fact-finding power, determines the probative force of legally competent evidence, its action therein will not be reviewed by this court."

In the instant case the commission inferred from evidence adduced through the medical witness that there was no causal connection between the fall in 1957 and the petitioner's present incapacity, despite the presence in the record of other evidence tending to establish such a causal connection. This, in our opinion, constituted a valid exercise of the fact-finding power vested in the commission under the statute, and we conclude that the findings reached pursuant to that exercise thereof may not be disturbed by this court in the instant circumstances.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

214 A.2d 193.

## ON MOTION FOR REARGUMENT.

NOVEMBER 12, 1965.

PER CURIAM. After our opinion in the above-entitled case was filed, the petitioner sought and was granted permission to file a motion for reargument. Pursuant thereto he has filed a motion wherein he sets out certain reasons on which he bases his contention that justice requires that the case be reargued. We have considered carefully these reasons and are of the opinion that they suggest nothing

which in all the circumstances would warrant such reargument.

Motion for reargument is denied, and the records certified to this court are ordered returned to the workmen's compensation commission forthwith.

*Edward I. Friedman, Albert Watt,* for petitioner.

*Joseph A. Kelly,* for respondent.