216 A.2d 891.

CLARENCE A. VIGNEAU *vs.* GRINNELL CORPORATION.

FEBRUARY 15, 1966.

PRESENT: Roberts, C. J., Paolino and Joslin, JJ.

Paolino, J. This is an employee's petition to review an agreement or decree concerning compensation. It was filed with the workmen's compensation commission on April 15, 1964. The case is here on the employee's appeal from a decree of the full commission affirming the trial commissioner's decree entered on July 16, 1964 denying and dismissing the petition.

The pertinent evidence was in conflict. The narrow issue before us is whether the ultimate findings of the commission are supported by competent evidence.

The facts relevant to the question raised are briefly as follows. The employee sustained a compensable injury on October 20, 1960. A preliminary agreement dated February 8, 1963 was executed by the parties whereby the employee was awarded compensation under the act for total incapacity. Prior to his injury he had been employed as a truck driver. In May 1961 he returned to work. It appears from the record that he left and returned to work several times. Then, on March 14, 1963, he signed a suspension agreement and receipt. It states that he had returned to work on March 11, 1963. His former job of truck driver had been eliminated and he performed work as a "sweeper."

On April 18, 1963 he filed a petition to review the suspension agreement signed on March 14, 1963, alleging therein that his incapacity for work was then partial and that his weekly earnings were less than the average weekly wage

set forth "in said agreement or decree." After hearing that petition the trial commissioner entered a decree on December 5, 1963 denying and dismissing that petition. The decree, from which no appeal was taken, contains the following findings of fact:

"1. That the petitioner failed to prove his incapacity for work increased on and after March 14, 1963 on account of the return of the effects of the injury set out in the preliminary agreement.

"2. That the petitioner failed to prove by a fair preponderance of the evidence that his incapacity for work in whole or in part returned on and after March 14, 1963 on account of the effects of the injury set out in the agreement."

After hearing the instant petition the trial commissioner stated in his decision that "Although the petitioner has been incapacitated by diseases and conditions unconnected with his employment, I fail to see that the evidence shows that there has been any change of any nature since December, 1963, which is due to the injury sustained on October 20, 1960." On July 16, 1964, on the basis of his findings that (1) the employee had failed to prove by a fair preponderance of the credible evidence that his physical condition had changed since December 5, 1963, and (2) that he failed to prove by a fair preponderance of the credible evidence that his incapacity for work increased after December 5, 1963 by reason of any effects of such injury, he entered a decree denying and dismissing the petition. On October 23, 1964, after hearing the employee's appeal, the full commission affirmed the decree of the trial commissioner.

We find no error. Under G. L. 1956, §28-35-45, the section of the act providing for review and modification of decrees and agreements, the fundamental issue presented by the employee's instant petition to review was whether his incapacity for work had increased or returned. The decree entered on December 5, 1963 was in effect and un-

456

appealed, and the burden was on the employee to prove that there had been some change of condition or circumstances since its entry. *Balcom* v. *Providence Sheraton Corp.*, 98 R. I. 357, 201 A.2d 913. As the court said in *Ottone* v. *Franklin Process Co.*, 76 R. I. 431, at page 436: "By establishing the date of the decree on the last petition for review as the starting point for any later inquiry as to whether the employee's incapacity has ended, diminished or increased we avoid the possibility of repeated reviews of facts once passed upon and decided."

Notwithstanding petitioner's own testimony about his physical condition, the findings of the commission are supported by competent evidence. We need only point to Dr. Ralph F. Pike's testimony that there had been no change in the employee's capacity to work since December 5, 1963 and to the testimony of Dr. Vincent Zecchino. Doctor Zecchino testified that when he examined the employee on May 6, 1964 he found no change in his capacity to work from what he had found on his previous examination on January 15, 1963. *Mascio* v. *Kaufman Development Corp.*, 87 R. I. 141, cited by the employee, is not in point and therefore requires no consideration.

The employee has failed to persuade us that the commission overlooked or misconceived any material evidence, just as he has failed to sustain his burden of proving that his incapacity for work had increased after the entry of the December 5, 1963 decree. The commission's findings, being supported by competent evidence, are binding and conclusive upon this court. *Lukowicz* v. *Plantations Construction Co.*, 87 R. I. 298. In workmen's compensation cases we do not weigh the evidence. *Romano* v. *Collyer Insulated Wire Co.*, 98 R. I. 432, 204 A.2d 298. On the record before it the commission was warranted in finding that the employee had failed to prove by competent evidence that his incapacity for work had changed since the entry of the decree on December 5, 1963. *Chase* v. *General*

*Electric Co.*, 83 R. I. 269. In view of our holding we do not consider the employee's request for counsel fees.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Abedon, Michaelson and Stanzler, Raul L. Lovett,* for petitioner.

*Worrell and Hodge, Eldridge H. Henning, Jr.,* for respondent.