223 A.2d 442.

CHARLES HEBBLEWAITE *vs.* WILLIAM E. POWERS, *Attorney General.*

OCTOBER 26, 1966.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is an employee's appeal from a decree of the workmen's compensation commission affirming the trial commissioner's decree which dismissed the employee's petition to review his present earning capacity.

On July 1, 1954, the employee while working as a janitor in the Providence County courthouse fell down a stairway and was injured. He was incapacitated for two weeks. It was not until June 29, 1956, however, that he filed a petition for workmen's compensation. A decree was entered on November 15, 1956, awarding the employee medical expenses and compensation for total disability for the two-week period in July 1954 when he was absent from work.

On April 22, 1960, the employee filed the instant petition to review in which he alleges that his inability to work since October 1959 is attributable to the injury he received on July 1, 1954, and therefore he is entitled to the appropriate benefits under the workmen's compensation act.

The decree of the trial commissioner denying the petition contains but one finding of fact. It reads as follows:

> "The petitioner has failed to prove by a fair preponderance of the credible evidence that any incapacity for work which the petitioner has sustained subsequent to October 1, 1959 was due to an injury sustained on July 1, 1954 and which arose out of and in the course of his employment with the respondent."

The full commission having affirmed this finding, our function is to examine the record to determine if there is any legally competent evidence upon which their action is based. It has been said time and time again by this court that we do not weigh the evidence. Matters of fact finding are vested exclusively by statute in the workmen's compensation commission. Findings of the commission supported by legal evidence are, in the absence of fraud, binding and conclusive upon this court. *Vigneau* v. *Grinnell Corp*, 100 R. I. 453, 216 A.2d 891; *Long* v. *Gorham Corp.*, 100 R. I. 711, 219 A.2d 214; *Guilherme* v. *Olney & Payne Bros., Inc.*, 87 R. I. 62.

While the employee's positive testimony states that he cannot perform the usual duties of a janitor, there is included as part of the record a report of a medical examina-

tion of the employee made on May 28, 1960, by an impartial examiner appointed by the commission. The examining physician states unequivocally therein that the employee is physically able to do his previous work as a janitor.

The record discloses that upon his return to work in the courthouse in July 1954, the employee worked rather consistently up until the time of his retirement; that at the time of the hearing on this petition to review he was seventy-seven years of age; and that he was receiving both old age and survivors benefits under the federal social security act and his regular monthly retirement from the state retirement system.

The employee states that in affirming the decree of the trial commissioner, the full commission erred in disregarding his uncontradicted and unimpeached testimony as being probative of the issue of his inability to work resulting from the July 1, 1954, injury. He cites *Walsh-Kaiser Co.* v. *Della Morte,* 76 R. I. 325, to support his contention on this issue. He argues that factually the case at bar is controlled by the principle of law set forth in that case.

This court has long accepted the view both in civil actions (see *Gorman* v. *Hand Brewing Co.,* 28 R. I. 180) and cases arising under the workmen's compensation act that the positive testimony of a witness when uncontradicted and unimpeached by other positive testimony or by circumstantial evidence, whether extrinsic or intrinsic, cannot be disregarded by a trier of facts but must control the findings thereof. We do not believe, however, that this rule is applicable to the instant cause.

The employee's characterization of his testimony as uncontradicted and unimpeached is not accurate considering that in the record is the impartial medical examiner's statement that the employee is "physically able to do his previous work as a janitor." It cannot be stated that the issue

of his inability to work is uncontradicted and unimpeached. The evidence on the issue is in conflict and raises a substantial question as to the credibility of the employee. The credibility of witnesses is within the exclusive province of the commission. *Corey* v. *Hassenfeld Bros., Inc.,* 100 R. I. 483, 217 A.2d 82. It is our opinion that the instant decision was based upon a determination of the employee's credibility and the weight of the evidence and in such circumstances it will not be disturbed by this court.

The appeal of the employee is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Haig Barsamian,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Joseph L. Breen,* Special Assistant Attorney General, for respondent.