228 A.2d 574.
ANTHONY B. CROCE *vs.* WHITING MILK COMPANY.

APRIL 13, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Roberts, C. J. This employee's original petition for compensation was heard by a trial commissioner, who thereafter entered a decree denying and dismissing the same, finding that the petitioner had failed to prove by a fair preponderance of the evidence that he was an employee of the respondent at the time of his injury. It was affirmed by a decree of the full commission on April 5, 1966, and the petitioner is now prosecuting an appeal therefrom to this court.

The record discloses that beginning in 1953, petitioner had been employed by respondent as a driver-salesman, his principal duties being the delivery of dairy products to retail and wholesale customers on a route designated by

respondent. There is no dispute that during this time petitioner was an employee of respondent.

Prior to the signing of a dealership contract, petitioner had received a guaranteed weekly wage and, in addition, commission for sales made over some specified amount. It is not disputed that receipts obtained by petitioner were turned over to respondent during this period and that while working he wore a uniform of a type designated by respondent, and that in the course of his duties used a motor vehicle owned by respondent. However, in May 1963 petitioner, along with several other employees of respondent, executed so-called "dealership contracts," the nature of which will hereafter be discussed. In May 1965 petitioner sustained the injury for which he now seeks compensation.

In defending against petitioner's claim, respondent contends that the dealership contract gave petitioner the status of an independent contractor and, therefore, he was not an employee within the meaning of the workmen's compensation act. The dealership contract, so called, entered into by petitioner and respondent purports to relieve respondent of control and superintendence over its driver-salesmen.

The full commission affirmed the finding of the trial commissioner that petitioner at the time of his injury was not an employee of respondent but was "* * * working for the respondent as an independent contractor." In so finding, the full commission referred to *Sormanti* v. *Marsor Jewelry Co.*, 83 R. I. 438, in which we said that the existence of the employer-employee relationship contemplated by the compensation act depends substantially on whether the employer had "power of control or superintendence" over the employee. At page 441 therein we said: "The final test is the right of the employer to exercise power of control rather than the actual exercise of such power." We attach considerable significance to the phrase "final test" because

control is, in our opinion, an essential element of the relationship.

In *Davies* v. *Stillman White Foundry Co.*, 91 R. I. 337, 341, we said: "While it is true that the power of control of an employee by an employer is an incident to be considered in determining the existence of the employer-employee relationship, it does not follow that it is the only test." We did not mean to hold, in so speaking, that the power to control ever becomes immaterial on the issue of employment. What we meant was that in peculiar cases other factors might well have probative force on the issue. In that case the question was whether the principal stockholder of a corporation, while working in the plant, was under the supervision and control of the corporation.

It is fundamental that a showing that an employer possesses *fully* the power to exercise control over an employee's performance of his duties is determinative of the existence of the relationship. It is conceded in the instant case that an employer-employee relationship had existed but that an agreement had been entered into purporting, at least, to terminate that relationship. Obviously, if such contract on its face purports to constitute a relinquishment of the employer's power to superintend and control the employee in the performance of his duties, but if it also appears that the actual relationship as it continued after the execution of such agreement was the same as had existed prior thereto, then the agreement would be a subterfuge and it would not be enforced. But where the agreement constitutes a relinquishment of such control and it is shown that thereafter there was on the part of the employer a substantial compliance with the relinquishment provisions of the agreement, this constitutes evidence sufficient to sustain a finding that the relationship of employer-employee had terminated.

It is our opinion that in cases involving these factual

situations, the question of whether the relationship of employer-employee was terminated by the execution of the agreement must be determined upon the basis of whether the employer retained the power of control to such a degree as to render the contract a nullity. This ordinarily is to be established from evidence bearing upon the conduct of the parties after the execution of the contract, that is, bearing upon the manner in which the employee thereafter performed his duties.

We agree with the conclusion of the commission that in the instant case the agreement executed by the parties provided for a substantial relinquishment of control on the part of the employer over the employee. There was ample evidence in the record from which it could be found, as the trial commissioner did, that thereafter respondent employer exercised no control over the time or manner in which petitioner operated his route or the hours he worked. There was also evidence that petitioner was free to purchase such merchandise for use on his route as he deemed appropriate and that he purchased it from respondent with no right of return other than for defective goods. The extension of credit and the methods of collection were his own, and the evidence discloses that he managed the accounts himself and deposited income therefrom in his own bank account. There was also evidence that petitioner after the execution of the contract described himself as self-employed in tax returns and that respondent thereafter withheld no portion of amounts due petitioner for tax purposes.

From this evidence the trial commissioner drew the inference that there had been in fact a termination of the employer-employee relationship, and the full commission affirmed this finding. It is well settled that findings of fact made by the commission on legally competent evidence are conclusive upon this court absent fraud. *Carr* v. *General Insulated Wire Works, Inc.*, 100 R. I. 203, 213 A.2d 700.

It is true, as petitioner contends, that there was some conflict in the evidence adduced at the hearing on the issue of the degree of control exercised by respondent after the agreement was executed. We cannot agree that the inferences drawn from such conflicting evidence by the commission were unreasonable as petitioner argues. When such evidence is viewed in the light of the agreement entered into by the parties, a degree of probability inheres therein, which, in our opinion, sustains the reasonableness thereof. We said in *McDonald* v. *John J. Orr & Son, Inc.*, 94 R. I. 428, 431: "Where the commission, in an exercise of its fact-finding power, determines the probative force of legally competent evidence, its action therein will not be reviewed by this court." We reassert the position we took in that case.

The petitioner contends that the respondent ought to be estopped from reliance upon the agreement entered into here because it contained nothing that would inform the petitioner that his protection under the workmen's compensation act was to be discontinued. We see no merit in this argument and cannot agree that the agreement constituted a representation upon which the petitioner would be entitled to rely. We concur, however, in the commission's conclusion that the doctrine of estoppel would not be applicable here because the representation upon which its invocation rests relates to a future event and an estoppel does not lie in such circumstances. *Anderson* v. *Polleys*, 54 R. I. 296. However, we are of the opinion that an even stronger ground for rejecting this argument arises out of the fact that the record does not disclose that the petitioner in the instant case relied upon either a representation or the conduct of the respondent as implying that workmen's compensation would continue to be in force under the new agreement. We said in the above case at page 301: "Moreover, it is fundamental in the doctrine of estoppel that one who in-

vokes it must have relied, and justifiably so, on the conduct or representations of the party sought to be estopped."

The decree appealed from is affirmed.

Motion for leave to reargue denied.

*Anthony E. Grilli,* for petitioner.

*Goodman, Semonoff & Gorin, Jordan Tanenbaum,* for respondent.