324 A.2d 621.

RICHARD E. BEAUPRE *vs.* DYNACHEM CORPORATION.

AUGUST 13, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. This is an employee's appeal from a decree of the Workmen's Compensation Commission affirming the trial commissioner's denial of an original petition brought pursuant to G. L. 1956 (1968 Reenactment) §28-33-19(1), wherein the employee sought specific compensation for a total loss of hearing in his left ear.

The record discloses that petitioner was in the employ of respondent, Dynachem Corporation, on the morning of June 7, 1971, and was working in a small analytical quality control laboratory which Dynachem Corporation rented from Products Development Laboratories, Inc. The petitioner testified that a chemist in the employ of Products Development Laboratories, Inc. was running a chemical reaction outside of petitioner's laboratory and the fumes from the chemicals used in this reaction experiment were carried into petitioner's laboratory by the air conditioner. The chemicals in question were identified by petitioner as being ethyl acrylate and vinyl acetate. The petitioner testified that 15 to 30 minutes had passed before he or his coworker became aware of the fumes, and he estimated that he had been exposed to the fumes for a total of one hour.

The petitioner's testimony further reveals that the fumes in question affected his coworker in such a way that she left the lab and vomited, whereas his only effect was that he felt "drowsy" at lunch as if he were "drunk." However, the next morning petitioner felt a "stuffiness" in his left ear, and later on in the day, while talking to his wife on the telephone, he realized that he couldn't hear as well with his left ear as he could with his right ear. The petitioner testified that on the following day he had no hearing at all in his left ear. The petitioner then consulted Dr. Kershaw, a general practitioner, who prescribed antihistamines for the "stuffiness" he was experiencing in his ear. The antihistamines did not improve petitioner's ear condition over the weekend, and as a result he consulted Dr. Charles L. Hill, an ear specialist, on June 14, 1971. Doctor Hill testified before the trial commissioner that "[a]s of June 14, 1971 he [petitioner] has no useful hearing in the left ear." The doctor was then asked if he had an opinion based on reasonable medical certainty as to a causal connection between petitioner's inhalation of the ethyl acrylate fumes on June 7 and the loss of hearing that petitioner complained of on June 8. Doctor Hill replied: "I feel that the exposure to the gas precipitated the hearing loss that Mr. Beaupre exhibits." Subsequently, petitioner consulted two other ear specialists and was examined at the Massachusetts General Hospital.

The petition was heard by a trial commissioner, who rendered a decision on December 6, 1972, and a decree denying the petition for specific compensation was entered on December 12, 1972. In his findings of fact, the commissioner stated that petitioner had failed to prove that he became totally deaf in his left ear due to an injury, condition, or disease which arose out of and in the course of his employment. The commissioner also found that petitioner had failed to prove that his hearing loss was due

to "external trauma" connected with his employment as is required by §28-33-19(1).

The petitioner appealed the commissioner's denial of his petition to the full commission on December 12, and on April 5, 1973, the full commission entered its decree affirming the decree of the trial commissioner. In its decision the full commission confined itself to the issue of whether petitioner sustained his burden in proving a causal connection between the inhalation of the ethyl acrylate fumes and his hearing loss. We have said in the past that "[i]n compensation cases we limit our review to determining whether error inheres in the decree of the full commission. [citation omitted] That limitation precludes us from a resolution of the issues not decided by the commission." *Moniz* v. *F. D. McGinn, Inc.*, 102 R. I. 394, 397, 230 A.2d 837, 839 (1967). In the instant case the trial commissioner found that petitioner had not shown that his loss of hearing was due to "external trauma" as required by §28-33-19(1). However, the full commission specifically found that no decision had to be made on the "external trauma" question, and, therefore, it is not before us for review. *See Builders Iron Works, Inc.* v. *Murphy*, 104 R. I. 637, 247 A.2d 839 (1968); *Balcom* v. *Providence Sheraton Corp.*, 98 R. I. 357, 201 A.2d 913 (1964).

In his appeal to the full commission, petitioner claimed that the decree of the trial commissioner was against the law because the evidence presented on his behalf was unimpeached, uncontradicted, and supported his contentions. We have set forth our position concerning uncontradicted and unimpeached testimony several times. "This court has long accepted the view both in civil actions (see *Gorman* v. *Hand Brewing Co.*, 28 R. I. 180) [66 A. 209 (1907)] and cases arising under the workmen's compensation act that the positive testimony of a witness when uncontradicted and unimpeached by other positive testimony or by

circumstantial evidence, whether extrinsic or intrinsic, cannot be disregarded by a trier of facts but must control the findings thereof." *Hebblewaite* v. *Powers,* 101 R. I. 347, 349, 223 A.2d 442, 444 (1966). *See also Walsh-Kaiser Co.* v. *Della Morte,* 76 R. I. 325, 69 A.2d 689 (1949); *Provencher* v. *Glas-Kraft, Inc.,* 107 R. I. 97, 264 A.2d 916 (1970).

We have said many times in the past that when the full commission affirms the finding of a trial commissioner, our function is to examine the record to determine if there is any legally competent evidence upon which its action is based. "It has been said time and time again by this court that we do not weigh the evidence. Matters of fact finding are vested exclusively by statute in the workmen's compensation commission. Findings of the commission supported by legal evidence are, in the absence of fraud, binding and conclusive upon this court." *Hebblewaite* v. *Powers, supra* at 348, 223 A.2d at 443-44.

Doctor Charles L. Hill, testifying on behalf of petitioner, expressly testified that, in his opinion, petitioner's hearing loss was causally connected with the inhalation of the ethyl acrylate fumes. However, on cross-examination Dr. Hill admitted that he had never in his own experience seen a sudden hearing loss related to the inhalation of this particular substance. During the hearing, the trial commissioner inquired of Dr. Hill: "What caused the hearing loss, in layman's language? What caused that hearing loss in your patient's ear?" The doctor replied: "I don't think anyone could tell you without an autopsy. There are several things that happened. There is no reason for it. There are several different mechanical things that can happen."

Edwin H. Griffin, Jr., an analytical chemist working in organic chemistry, was called by petitioner to testify as to the effects of exposure to ethyl acrylate. On cross-examination Mr. Griffin testified that he had never conducted

tests on human beings and that he had never run across a claim that a sudden hearing loss was caused by inhalation of ethyl acrylate fumes. Mr. Griffin also testified that, in light of his own literature studies, he was able to say that exposure to ethyl acrylate could cause lung or stomach irritation, but he was unable to find anything in the literature concerning a sudden hearing loss from exposure to ethyl acrylate.

The petitioner contends that there is affirmative evidence tending to establish a causal connection that is uncontradicted and unimpeached and, therefore, which must control. It is true that where evidence on a material issue is in fact uncontradicted and unimpeached, it will be controlling. *Walsh-Kaiser Co.* v. *Della Morte, supra.* However, while conceding the rule, we do not agree that there is affirmative uncontradicted and unimpeached evidence in the instant case that requires an application of that rule. We considered a similar argument in *Carr* v. *General Insulated Wire Works, Inc.,* 100 R. I. 203, 213 A.2d 700 (1965), in which the facts were consistent with those established in the instant case. In *Carr* there was evidence adduced through the same medical witness that was susceptible of entirely reasonable inferences negating the existence of such a causal connection. In that case the petitioner argued that in such a circumstance the commission may not draw any reasonable inferences that tend to negate other testimony of the witness adduced to establish the existence of a causal connection. With that view we did not agree. The commission is free to draw such inferences and, in contending otherwise, petitioner misconceives the nature of the factfinding power of the commission. This court has held that where the commission, in an exercise of its factfinding power, determines the probative force of legally competent evidence, its action

618

therein will not be reviewed by this court. *McDonald* v. *John J. Orr & Son, Inc.,* 94 R. I. 428, 181 A.2d 241 (1962).

In the instant case it is clear that the commission inferred from the evidence adduced through the witnesses that there was no causal connection between the inhaling of the fumes and the loss of hearing in the petitioner's left ear and this was a permissible finding even though it must be conceded that there was in the record other evidence tending to establish the existence of a causal connection. It is our opinion here, as in *Carr,* that this constituted a valid exercise of the factfinding power of the commission under the statute, and it is our conclusion that the findings reached pursuant to that exercise of the power may not be disturbed by this court in the instant circumstances.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Workmen's Compensation Commission for further proceedings.

*Manning, Santaniello & Pari, V. James Santaniello,* for petitioner.

*Worrell and Hodge, Lee A. Worrell,* for respondent.