388 A.2d 806.

Herman G. Brown *v.* Vincent T. Izzo *et al.*

JULY 17, 1978.

Present: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

WEISBERGER, J.   This is a petition for writ of certiorari to review the action of the Commission for the Relief of Injured Employees of the City of Providence (the commission) in denying benefits to the petitioner for an alleged job-related injury arising out of his municipal employment at the North Burial Ground in Providence.

The petitioner aserts that he injured his back on November 3, 1971, while. lifting a casket. He stated that he sought medical attention at Rhode Island Group Health Association that same day and returned to work the following Monday.

He continued to work from that time until 1974 when disc surgery was performed on his back by Dr. Joseph A. Izzi. Between November 3, 1971, and July 15, 1974, when petitioner was admitted to the hospital for his operation, he lost a total of 6 days of work as a result of his injury.

A hearing was held on January 13, 1975, during which petitioner testified as to his injury and introduced his medical reports. After the hearing the commission requested further reports from the foreman and superintendent of the North Burial Ground as well as from the Retirement Board of the Employees Retirement System, but these reports were not made part of the record. However, on February 24, 1975, it sent a letter to petitioner's counsel, denying liability in the following terms:

> "After review and statements from the Superintendent, as well as the Foreman of the Department of North Burial Grounds, the decision of the Commission on Relief on [sic] Injured Employees is that the alleged injury sustained by your client, Mr. Herman G. Brown, on November 3, 1971, is not job related, therefore, liability on the part of the City of Providence is hereby Denied."[1]

Thus, the gist of the finding of the commission was that the alleged injury of November 3, 1971, was not job related. No reasons are given for this finding, and no factual basis for such a finding can be perceived in the record before us.

The petitioner is now before us contending that the Providence ordinances, under which he made application for certain benefits conferred upon injured employees of the city of Providence, constitute de facto workmen's compensation provisions or benefits and as such constitute an election by the city under G.L. 1956 (1968 Reenactment) §§28-29-8 and 28-31-1 to bring itself within the terms and coverage of the Workers' Compensation Act, chapters 29 to 38 of title 28.

---

[1] This letter is the only evidence of the commission's determination in this case.

The ordinances in question are sections 17-75 and 17-76 of the Code of Ordinances of the City of Providence. They provide for payments to an employee up to a maximum of $1,200 for injury or disability while in the actual discharge of his duties as an employee. Such payments are to be made at the discretion of a commission which consists of the Mayor, the Director of Public Works, the Personnel Director and the Finance Director of the City of Providence. The provision for disability compensation covers the employees of the various departments of the city, excluding policemen, firemen, and certain employees otherwise provided for. These ordinances were adopted pursuant to authorization by the General Assembly in "An Act to Authorize the City of Providence to Make Appropriations for the Relief * * * of [Certain] Employees." P.L. 1909, ch. 465. This statute was amended by P.L. 1912, ch. 870 in order to broaden coverage. It is worthy of note that in the same legislative session, the General Assembly also enacted its first Workmen's Compensation Act in P.L. 1912, ch. 831. This statute was the precursor of the present Workers' Compensation Act.

These two statutory schemes have been amended on a number of occasions[2] and have followed parallel courses. The General Assembly had apparantly not discerned any conflict between these statutes. A reading of §28-31-1 discloses that cities and towns are not subject to the Workers' Compensation Act unless there is an acceptance of the provisions of chapters 29 to 38 by a formal vote of "the city council of [a] city" and unless a certified copy of that vote is filed with the director of labor. There is no suggestion by the parties that such a formal vote has ever been taken by the city council of Providence. The language of this section is clear and unambiguous and therefore does not require interpretation.

---

[2]P.L. 1909, ch. 465, was amended as recently as 1956. P.L. 1956, ch. 3681. Section 28-31-1 was amended in 1970. P.L. 1970, ch. 277. Other portions of the Workers' Compensation Act have been amended as recently as 1978 to change to "Workers' " wherever there appears the word "Workmen's" in the Act. P.L. 1978, ch. 231, §1.

*Podborski* v. *William H. Haskell Manufacturing Co.*, 109 R.I. 1, 279 A.2d 914 (1971); *Pucci* v. *Algiere,* 106 R.I. 411, 261 A.2d 1 (1970). We conclude that the city has never legally accepted coverage by the state Workers' Compensation Act.[3]

The petitioner argues that the city should be estopped to deny coverage under the doctrine of *Horton* v. *Foster-Glocester Regional School District,* 103 R.I. 410,. 238 A.2d 53 (1968). In that case the school district was composed of two towns which had accepted the provisions of the Workmen's Compensation Act (now Workers' Compensation Act). The school district had an item in its budget for payment of a premium on a workmen's compensation insurance policy and had actually purchased such a policy, but contended that since it had not formally accepted the provision of the Act, it could not be subject to liability under it. We refused to permit either the school district or the workmen's compensation carrier to take shelter in the lack of "letter compliance" with the acceptance requisites of §28-31-1.

In the case at bar, however, no such circumstances are present. There was never a manifestation of intent, directly or indirectly by the city council of Providence to act otherwise than in accordance with its ordinances adopted pursuant to the special enabling act initially promulgated by the General Assembly in 1909. There has been no conduct on the part of the city that would raise the basis for estoppel found in other cases cited by petitioner. We therefore conclude that the provisions of sections 17-75 and 17-76 of the Code of Ordinances of the City of Providence are valid enactments authorized by the General Assembly and do not constitute a de facto acceptance of the provisions of the Workers' Compensation Act.

---

[3]G.L. 1956 (1968 Reenactment) §28-29-8, cited by the petitioner is not relevant to a municipal corporation, but deals solely with employers listed in §28-29-7, which does not include cities and towns.

The petitioner finally argues that the decision of the commission is arbitrary and capricious in that there are no reasons given for the commission's decision other than the bald assertion that the alleged injury of November 3, 1975, was not job related. If these determinations were made on the basis of reports, the commission fails in any way to advert to such reports. The record contains no indication of the factual basis for the conclusion reached by the commission. In *Tillotson* v. *City Council*, 61 R.I. 293, 295, 200 A. 767, 768 (1938), this court held that a decision of the city council of Cranston should be open to judicial review, "and that requires that some sort of a record should be made of the rule or standard applied and of the factual basis for the decision made by the application of such rule or standard." This court went on to observe:

> "In the instant case it does not appear from the record which has been certified to us, what was the rule or standard applied, or what were the facts found by the council, if any, in reaching the decision made. For all that appears, its action may have been arbitrary and unreasonable, as the petitioner asserts. In this situation, we must hold the decision invalid and order the record thereof to be quashed."

In the instant case the complete absence from the record of any factual basis upon which the determination of the commission may rest as to this salient finding of fact similarly exposes the commission's determination to an assertion of arbitrariness. The sole evidence in the record before us indicates that on the date in question, November 3, 1971, the petitioner suffered a back injury while engaged as a city employee at the North Burial Ground. If the commission is to reject this uncontradicted and unimpeached testimony, it must give reasons therefor, and these reasons must be grounded upon contradictory inferences, inherent improbabilities or inherent contradictions. *Beaupre* v. *Dynachem Corp.*, 113 R.I. 612, 324 A.2d 621 (1974); *Peloso* v. *Peloso*,

*Inc.*, 107 R.I. 365, 267 A.2d 717 (1970); *Walsh-Kaiser Co.* v. *Della Morte*, 76 R.I. 325, 69 A.2d 689 (1949). No such reasons are given in the instant case. We must therefore remand the case to the commission for further proceedings and for a clear statement of the evidentiary basis for the commission's decision.

For the reasons stated, the petition for certiorari is granted, the decision of the commission is quashed, and the records of the case are ordered remanded to the commission for further proceedings in accordance with this opinion.

*Michael F. Horan, Joseph A. Lamagna,* for petitioner.

*Ronald H. Glantz, Gerald G. Norigian,* for respondent.