CARL OTTONE *vs.* FRANKLIN PROCESS COMPANY.
SAME *vs.* SAME.

MARCH 3, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

432

CONDON, J. These are two petitions for review which were filed in the office of the director of labor by an injured employee, who was receiving compensation for partial incapacity under the workmen's compensation act, general laws 1938, chapter 300, article III, §13. They were ultimately heard together *de novo* in the superior court and thereafter were denied and dismissed on the ground that the decree which the employee was seeking to have reviewed by each petition did not *fix compensation* and therefore was not reviewable under §13. From the decree denying

and dismissing each petition an appeal has been duly prosecuted to this court. Both appeals raise the same issue and were heard together here.

The issue to be determined is fundamentally the construction of the words "decree fixing compensation" in the first sentence of §13. The superior court, in the cases at bar, has construed those words to mean that to be reviewable a decree must actually by its terms fix compensation. The employee contends that such construction is too strict. In effect he argues that if the decree relates to sustaining or reversing a prior fixing of compensation it is within the contemplation of the above-quoted language of the section, and that in reality it does *fix* compensation even though no compensation is expressly mentioned in the decree. The employer asserts the contrary and argues that only the order or decree *originally* fixing the compensation is subject to review which in these cases, it contends, is the director of labor's order of January 25, 1947.

The decrees which the employee seeks to have reviewed by the instant petitions simply denied and dismissed two prior petitions for review, one filed by him to have his compensation for incapacity increased from partial to total, and the other filed by the employer to have employee's compensation for partial incapacity discontinued. A brief history of the case will, however, give a clearer idea of the scope of those decrees with reference to the fixing of the compensation to which the employee was rightfully entitled.

On March 9, 1945 the employee suffered a low back strain while carrying a barrel of dye in the course of his employment with the respondent, hereinafter called the employer. An agreement was entered into between the parties whereby the employer paid the employee $20 a week compensation for total incapacity until March 29, 1946. On that date petitioner was ordered by the director of labor to do light work if it was offered to him by the employer. On July 9, 1946 such work was offered by the employer and accepted by the employee, but he worked only two and a half hours

and then quit. Thereupon he filed a petition with the director of labor alleging that the work tendered him was beyond his physical capacity.

On January 25, 1947 the director found that the petitioner was able to perform such work but also found that he was partially incapacitated and awarded him compensation of $9.33 a week from July 9, 1946. That decision was not appealed and was complied with. Sometime in 1947 the employer sought relief therefrom by a petition for review. On May 21, 1947 that petition was denied and dismissed by the director of labor and the employer appealed to the superior court.

In the meantime the employee also petitioned for a review of the order of January 25, 1947 on the ground that since that date his incapacity for work had increased and become total. On June 3, 1947 the director of labor found that since March 4, 1947 he was totally incapacitated and ordered the employer to pay compensation therefor at the rate of $20 a week. From that order also the employer appealed to the superior court. On these appeals both petitions were heard together *de novo* in that court.

On November 10, 1947 a decree was entered denying and dismissing each petition. The decree denying the employer's petition contained a finding that the employee's incapacity for work had not ended or diminished since the decision of the director of labor on January 25, 1947 in which the employee was found to be entitled to compensation of $9.33 a week for partial incapacity. The decree denying his petition specifically found that his incapacity had not increased since that date. No appeal was taken by either party from those decrees, but some months later the employee filed petitions to review both decrees on the ground that since November 10, 1947 his incapacity had increased.

On February 1, 1949 the director of labor made the following finding on each of those petitions: "We find the petitioner was totally disabled from January 20, 1948 to

March 2, 1948. * * * Partial disability compensation shall be resumed as of March 3, 1948 and payments are to be made at the rate of $9.33 per week * * *." From those decisions the employee appealed to the superior court where the petitions were heard *de novo* and thereafter decrees were entered denying and dismissing such petitions. Those are the decrees which we are presently considering on the employee's appeals to this court. To clearly understand the problem that was finally presented to the superior court by these last petitions for review it is necessary to ascertain the essential effect of the two decrees of that court which were entered on November 10, 1947 and which the employee was seeking to have reviewed because of an alleged increase in his incapacity since that date.

When those petitions for review were certified on the employee's appeals to the superior court to be there heard *de novo,* the status of the employee's right to compensation was as follows. Until his order of June 3, 1947 the director of labor had fixed the employee's compensation at $9.33 per week for partial incapacity. His order of that date increased such compensation to $20 a week for total incapacity. The employer's appeal suspended the operation of that order until the superior court determined whether that compensation should be allowed or should remain as originally fixed. Moreover on the employer's appeal from the director of labor's denial of its petition the further question was presented to the superior court whether the employee's partial incapacity had ended, and if not whether it had diminished to such an extent that he was not entitled to partial compensation of even $9.33 a week.

Pending the determination of those appeals the employee's right to compensation was no longer finally *established* but was in a state of uncertainty. It could not be fixed until the superior court determined whether his incapacity for work had increased or diminished or had wholly ceased. Of course by express provision of the statute he continued to receive, pending the determination

of the employer's appeals, the partial compensation which had been allowed by the order of January 25, 1947. The superior court, in the circumstances, was called upon by those appeals to determine the rights of the parties by deciding whether the employee was still incapacitated and if so whether such incapacity was partial or total. In the event incapacity was found the court would then have to fix the compensation which would be payable to the employee for the incapacity so found. We are of the opinion that the exercise of this function *de novo* resulting in a finding of partial incapacity necessarily involved a *fixing of compensation* by the superior court.

We are of the further opinion that the decrees of the superior court denying and dismissing those appeals are decrees fixing compensation even though the language of the findings therein does not expressly so state. The decrees are to be construed in the light of the function they perform, which in these cases was to establish the right of the employee to compensation for partial incapacity at the rate of $9.33 a week. This was a new fixing of compensation notwithstanding that it was in the same amount which the director of labor had determined on January 25, 1947. That decision had been reversed by the order of the director of labor on June 3, 1947 fixing it at $20 a week for total incapacity. Thereafter until the entry of the decrees of the superior court the compensation at the rate of $9.33 a week was continued in force, solely by operation of the statute, pending determination of the employer's appeals.

This interpretation of those decrees does no violence to the language of §13. On the contrary we think it gives effect to it by delimiting the area for review of agreements, orders or decrees fixing compensation after a petition for review has been denied and dismissed. By establishing the date of the decree on the last petition for review as the starting point for any later inquiry as to whether the employee's incapacity has ended, diminished or increased

we avoid the possibility of repeated reviews of facts once passed upon and decided. Such a possibility necessarily exists if in circumstances like the instant cases an unsuccessful petitioner may file another petition for review of the original agreement, order or decree fixing compensation.

This is well illustrated by the record here. If the employee ought to have petitioned for a review of the director of labor's order of January 25, 1947 instead of the decree of November 10, 1947, as the employer here contended and the superior court held, it would then have been possible for the employee to have presented evidence in support of his instant petition covering the period commencing January 25, 1947, notwithstanding that he already had one opportunity to present evidence covering that period at least to November 10, 1947, on which date the superior court denied his prior petition for review. Obviously such a course of procedure would be highly improper. We are of the opinion that the last unappealed order or decree which has been entered after a hearing on a petition for review of any prior agreement, order or decree fixing compensation is, in reality, regardless of its form or contents, a new fixing of compensation to which any petition for review thereafter filed should be directed. Petitioner's petitions were correctly so directed.

We now recur to the decrees presently before us on the employee's appeals to this court. They are erroneous and should be reversed. The prior decrees of the superior court which the employee's petitions seek to review should be considered as having fixed the compensation of the employee.

Petitioner asks us to decide from the record that he is totally incapacitated and to award him compensation for such incapacity. Whether or not on the evidence here the employee has proved his right to compensation for total incapacity is a question of fact which is not for us to decide. To do so would be contrary to the express provision of the

workmen's compensation act which vests in the superior court exclusive jurisdiction to make findings of fact in proceedings thereunder. As we have said so often, we do not weigh the evidence in such cases on appeal to this court because we are not clothed with that power. If, therefore, we may not weigh the evidence in a case where the superior court has made findings of fact which are alleged to be against the weight of the evidence, *a fortiori*, we cannot originally make such findings in a case where the superior court has failed to do so. Our province in such circumstances is to order that court to perform the function which is vested in it exclusively by the statute.

In each cause the petitioner's appeal is sustained, the decree appealed from is reversed, and each cause is remanded to the superior court with direction that the justice who heard the petitions, if available, shall determine, in accordance with this opinion, the ultimate issues raised by such petitions.

*Kirshenbaum & Kirshenbaum, Maurice Myrun,* for petitioner.

*Worrell & Hodge, Lee A. Worrell,* for respondent.