EVERETT C. BALCOM *vs.* PROVIDENCE SHERATON CORPORATION.

JULY 1, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

CONDON, C. J. This is an employee's petition to review a preliminary agreement for workmen's compensation. The cause is here on his appeal from a decree of the workmen's compensation commission denying and dismissing the petition.

It appears from the preliminary agreement that petitioner sustained an injury to his "right leg between knee and

ankle" on October 25, 1958 and was awarded compensation therefor commencing on that date for the "Duration of total incapacity." For a brief period thereafter petitioner received compensation under such agreement until he returned to work for another employer. However, in 1962 he filed a petition to review the agreement on the ground that his incapacity had returned. By decree of the full commission entered June 5, 1963 affirming the trial commissioner's decree of November 13, 1962, such petition was denied and dismissed.

The instant petition for review was filed on June 31 (sic), 1963 and was heard originally by the trial commissioner on October 8 and 16, 1963. At such hearing petitioner testified in support of his petition that he had not worked since June 5, 1963; that he was unable to stand on his right leg; that he had pains therein and could not for any length of time walk, stand or sit because thereof; and that he was not able to sleep nights on such account. He testified further that he was unable to do his former job in respondent's employ. On cross-examination he admitted that this was the condition to which he testified at the hearing on his former petition for review except that the pain was more frequent.

In further support of his petition he called Dr. Julius Stoll, Jr., who had examined him originally in October 1961 and had testified at the former hearing. The doctor also made two later examinations on May 24, 1962 and on February 11, 1963. He testified that on the latter examination he found the condition of petitioner's right leg and ankle was such that he was totally disabled. He examined him again on August 15, 1963 and found his condition the same and that petitioner was unable to work at his job as elevator operator for respondent.

On cross-examination the doctor admitted that he had found petitioner's condition was the same on August 15, 1963 as he had found it earlier on May 24, 1962 and that

his testimony with reference thereto at the hearing on the first petition for review was essentially the same as his present testimony. In other words there was no change in petitioner's condition according to the doctor's testimony from what it was prior to November 13, 1962 when the first petition for review was denied and dismissed. The trial commissioner so found on all the evidence before him and the full commission on appeal sustained such finding and expressly stated in its decision that the trial commissioner did not misconceive the credible evidence or err in his application of the law thereto.

However, petitioner contends that the trial commissioner did err in applying the law although he concedes that the full commission did not so err. On the instant appeal this court does not review the trial commissioner's decision. The only issue before us is whether error inheres in the decree of the full commission. *Savage* v. *Mark Elevator Co.*, 83 R. I. 401.

From our consideration of the transcript and the decision upon which such decree is based it appears that the commission recognized the petitioner's contention that the affirmed decree of November 13, 1962 denying and dismissing the petitioner's first petition for review did not foreclose him from prosecuting another petition based on new evidence that after November 13 his incapacity had returned. However, the commission expressly found that he had failed to present such evidence. In our opinion the record clearly supports that finding.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Joseph A. Kelly*, for petitioner.

*DiMascolo & DiPetrillo, Anthony DiPetrillo, Carmine R. DiPetrillo*, for respondent.