ANTHONY F. ROMANO *vs.* THE COLLYER INSULATED..
WIRE COMPANY.

NOVEMBER 2, 1964.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

PAOLINO, J. This is an employee's original petition for benefits under our workmen's compensation act. After a hearing before a trial commissioner a decree was entered denying and dismissing the petition. Upon appeal the commissioner's decree was affirmed by the full commission. The cause is now before us on the petitioner's appeal from the decree of the full commission.

The commission affirmed the trial commissioner's finding that petitioner failed to prove by a fair preponderance of the evidence that he had sustained a compensable injury. The petitioner contends that the commission overlooked or misconceived material evidence and totally disregarded positive testimony which was neither contradicted nor impeached by other positive testimony or by circumstantial evidence, either intrinsic or extrinsic.

The narrow issue raised by this appeal precludes the necessity of any detailed discussion of the evidence. The petitioner presented evidence to prove that while employed by respondent he received an injury to his head on April 5, 1961 and again on April 18, 1961; that after the April 18, 1961 incident he required medical and hospital care; and that he was incapacitated for work for a certain period of time.

As we have already stated the commission found that he had failed to prove a compensable injury. If there is any legal evidence to support the commission's decree, this court has no power under our act to weigh the evidence and to determine for ourselves where the preponderance lies. *Catoia* v. *Eastern Concrete Products Co.*, 84 R. I. 402, 404. On this appeal petitioner has the burden of persuading the court that there is no competent evidence to support the decree of the full commission. See *Jillson* v. *Ross*, 38 R. I. 145.

After a careful reading of the transcript we cannot say that he has sustained this burden. We need only refer to the testimony of Dr. J. Wallace Conklin who was called as a witness by respondent and whose qualification as a neurologist was admitted by petitioner. He testified in substance that he examined petitioner on May 17, 1961; that on the basis of his examination and history he diagnosed petitioner's condition as an anxiety attack; and that he did not attribute petitioner's condition to any incident related to his employment.

434

In our opinion Dr. Conklin's testimony supports the commission's decree and is therefore dispositive of this appeal. The fact that during cross-examination Dr. Conklin replied in the affirmative to a question by petitioner's counsel whether "this minor head injury precipitated an anxiety attack" is of no legal significance. It was within the province of the commission to decide the weight to be given to Dr. Conklin's testimony after considering his testimony in its entirety.

The petitioner's contention that the commission overlooked or misconceived material evidence is not supported by the record. Nor is there any merit in his claim that the commission disregarded positive and unimpeached testimony. A careful examination of the transcript and exhibits discloses other evidence from which the commission could have reasonably inferred that the petitioner's condition was caused by factors other than the work-connected incidents about which the petitioner testified.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*William R. Goldberg, Ronald R. Gagnon,* for petitioner.

*Abedon, Michaelson and Stanzler, Julius C. Michaelson, Raul L. Lovett,* for respondent.

