209 A.2d 56.

ROBERT R. BLANCHETTE *vs.* LUCIA TRUCKING, INC.

APRIL 14, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

PAOLINO, J. This is an employee's original petition for benefits under our workmen's compensation act. After a hearing the trial commissioner made a finding of fact that at the time of the injury the petitioner was not an employee of the respondent and he entered a decree denying and dismissing the petition. The cause is before us on the petitioner's appeal from the decree of the full commission affirming the decree of the trial commissioner.

The petitioner was injured at about 1:30 p.m. on Saturday, September 29, 1962, while engaged with other persons in moving furniture from the third floor of a dwelling house in Providence. In the posture in which this case is pre-

sented it is not necessary to discuss the nature or extent of his injuries. The narrow issue raised by this appeal precludes the necessity of any detailed discussion of the evidence. We need only refer briefly to the evidence relating to the creation of the alleged employer-employee relationship.

Bernard P. Lucia is the majority stockholder of respondent corporation. He and his wife are the principal officers. The corporation operates a business engaged in the moving of furniture and in the collection of rubbish. The petitioner had been employed regularly since 1957 at a manufacturing plant in the city of Pawtucket and was engaged to be married to Mr. Lucia's daughter.

At the hearing before the trial commissioner petitioner testified in substance that sometime on September 28, 1962 he and Mr. Lucia had a conversation during which Mr. Lucia suggested that he enter the employ of respondent; that he was temporarily away from his regular employment because inventory was being taken at the time; that on September 29, 1962 he went to respondent's place of business and punched in a timecard at 6:54 a.m.; and that he immediately went to work with other employees of respondent and worked throughout the day until he sustained his injuries.

The petitioner's testimony relating to the alleged hiring was corroborated for the most part by the testimony of Mr. Lucia. The timecard and a pay stub were introduced in evidence as petitioner's exhibits.

In his decision the trial commissioner noted that the case presented a very unusual situation because of the relationship of the petitioner to Mr. Lucia and because of the undisputed fact that respondent's insurance carrier was the real party contesting petitioner's claim. After pointing out certain inconsistencies and contradictions in the testimony of petitioner and Mr. Lucia, as well as in the testi-

mony of other employees who testified at the hearing, the trial commissioner stated that he did not believe petitioner or Mr. Lucia and that the circumstances surrounding the timecard cast serious doubt upon its authenticity. He also stated that he believed petitioner went along on the moving job on September 29, 1962 as a volunteer and that in his opinion there was no question about the employer-employee relationship or for any payment for services until after petitioner was injured.

After further observing that the other witnesses produced by petitioner did not give any direct testimony which corroborated the alleged creation of the employer-employee relationship, the commissioner made a finding of fact that petitioner had failed to prove by a fair preponderance of the credible evidence that on September 29, 1962, he was an employee of respondent.

Under his reasons of appeal petitioner contends in substance that the decree of the commission is against the evidence and that the commission overlooked or misconceived material evidence and totally disregarded positive testimony which was neither contradicted nor impeached by other positive testimony or by circumstantial evidence, either intrinsic or extrinsic.

The only question raised by this appeal is whether there is any legal evidence to support the decree of the full commission.

The burden of proving the fact that petitioner was an employee of respondent at the time of his injury was upon petitioner. It was not the duty of respondent to disprove such relationship or to establish the precise relationship between petitioner and respondent. *Pasetti* v. *Brusa,* 81 R. I. 88, 91. If there is any legal evidence to support the commission's decree, this court has no power under the act to weigh the evidence and to determine for ourselves where the preponderance lies. *Catoia* v. *Eastern Concrete Products Co.,* 84 R. I. 402, 404. The negative finding of fact that

petitioner had failed to prove by a fair preponderance of the credible evidence that on September 29, 1962 he was an employee of respondent was based on credibility and the weight which the commission gave to petitioner's evidence.

On appeal petitioner has the burden of persuading the court that there is no competent evidence to support the decree of the full commission. *Romano* v. *Collyer Insulated Wire Co.*, 98 R. I. 432, 204 A.2d 298. After carefully reading the transcript and examining the exhibits we cannot say that petitioner has sustained this burden. In our opinion the inconsistencies in the evidence relating to the alleged employer-employee relationship and the circumstances attending the timecard justify the commission's disbelief of petitioner's version of what transpired.

It is also our opinion that the record does not support the petitioner's contention that the commission overlooked or misconceived material evidence. Nor is there any merit in his claim that the commission disregarded positive and unimpeached testimony. The commission clearly did not believe the petitioner's version and, as we have previously stated, on the basis of the record before them, they were warranted in so doing. We agree completely with the principle of law stated in *Gorman* v. *Hand Brewing Co.*, 28 R. I. 180, 183. There is nothing in this record indicating a disregard of that case by the commission.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Bernard C. Gladstone,* for petitioner.

*Charles H. Anderson,* for respondent.