219 A.2d 122.

DAVID E. COSTA *vs.* CARS, INC.

APRIL 26, 1966.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

PAOLINO, J.  This is an employee's petition to review a decree entered in an original petition for benefits by the workmen's compensation commission and affirmed by this court in *Costa* v. *Cars, Inc.,* 96 R. I. 396, 192 A.2d 1.  The case is now before us on the appeals of both parties from a decree of the full commission affirming a decree entered by the trial commissioner.

The petitioner filed his original petition for benefits under the act on December 2, 1959; the testimony therein was concluded on September 5, 1961, but the trial commissioner did not enter his decision until November 3, 1962, nor his decree based thereon until November 5, 1962; an appeal was taken by respondent and on January 29, 1963 the full commission entered a decree affirming the decree of the trial commissioner; on June 20, 1963 we filed our decision in *Costa, supra,* denying and dismissing respondent's appeal and affirming the decree entered by the commission in that proceeding.

The decree entered on November 5, 1962 contained specific findings of fact describing the nature and extent of petitioner's injuries and setting forth three periods of inca-

pacity for work resulting therefrom, the last incapacity ending on June 16, 1961.[1]

On August 27, 1963 petitioner filed the instant petition to review the decree entered on November 5, 1962. The hearings on this petition were held at various times during the period between December 3, 1963 and April 24, 1964, the record thereof consisting of testimonial evidence and medical exhibits. Thereafter the trial commissioner entered a written decision and on July 2, 1964 entered a decree based thereon which contained the following pertinent findings of fact:

"1. That the petitioner has failed to prove by a fair preponderance of the reasonable evidence that any incapacity for work either total or partial that he suffered during April 27, 1962, to May 29, 1962, January 5, 1963 to January 12, 1963, and February 10, 1963 to March 1, 1963, had any connection with or flowed from the original injury for which the respondent is connected.

"2. That on October 1, 1963, however, the petitioner had a return of incapacity solely as a result of the original injury set forth and described in the decree which is presently being reviewed.

"3. That said incapacity was total from October 2, 1963 to October 22, 1963, the date that he was at the Miriam Hospital but that since October 22, 1963 the petitioner has only been partially incapacitated for work."

---

[1]"1. On April 23, 1959 petitioner sustained a neck sprain and low back strain while using a long wrench in the performance of his usual work as an automobile repair man in the employ of the respondent.

"2. On account of such injuries he was totally incapacitated for the period beginning April 24, 1959 and ending June 5, 1959; for the period beginning August 9, 1959 and ending September 1, 1959; and for the period beginning April 17, 1961 and ending June 16, 1961.

"3. Other than during the above periods petitioner was not incapacitated and was able to do his regular work as an automobile repair man.

"4. Respondent had knowledge of such incident and injuries.

"5. Petitioner's average weekly wage was $69.75."

Both parties appealed to the full commission. After considering the appeals the commission entered a decree dated February 3, 1965 affirming the decree of the trial commissioner. The case is before us, as already stated, on the appeals of both parties from the commission's decree.

The petitioner contends in substance that there is no evidence to support the negative findings of fact in paragraph 1 of the trial commissioner's decree and that the decree is therefore against the law. The respondent attacks the legality of the findings in paragraphs 2 and 3 of such decree and, in addition, challenges the authority of the commission to inquire prior to November 5, 1962, the date of the entry of the decree being reviewed.

We shall first consider respondent's contention that the commission lacked authority to inquire as to the alleged incapacity during the period between April 27, 1962 and May 29, 1962, a period subsequent to September 5, 1961, the date of the conclusion of the hearing in the original petition but prior to entry of the decree therein, which for some unexplained reason did not occur until November 5, 1962. It relies on *Ottone* v. *Franklin Process Co.*, 76 R. I. 431, *Trudeau* v. *United States Rubber Co.*, 92 R. I. 328, and *Balcom* v. *Providence Sheraton Corp.*, 98 R. I. 357, 201 A.2d 913.

The review of agreements and decrees is governed by G. L. 1956, §28-35-45, which, so far as pertinent, provides that "At any time * * * after the date of the entry of any decree concerning compensation, and if compensation has ceased thereunder, within ten (10) years thereafter, any * * * decree may be from time to time reviewed by the workmen's compensation commission * * * upon the ground that the incapacity of the injured employee has diminished, ended, increased or returned * * *."

In *Ottone, supra,* at page 436, the court held:

"By establishing the date of the decree on the last petition for review as the starting point for any later inquiry as to whether the employee's incapacity has end-

ed, diminished or increased we avoid the possibility of repeated reviews of facts once passed upon and decided. Such a possibility necessarily exists if in circumstances like the instant cases an unsuccessful petitioner may file another petition for review of the original agreement, order or decree fixing compensation."

*Ottone* was decided under a prior statute, but it was cited as controlling in *Trudeau* which was decided under the present act. In *Trudeau,* at page 331, the court stated:

"The status of the parties is now established by the existing preliminary agreement under which petitioner is receiving total disability compensation. Any petition for review must necessarily be addressed to that agreement."

Since an agreement has the force and effect of a decree, it follows that *Trudeau* applies to decrees as well as to agreements. In *Balcom,* the court applied the principle of law established by *Ottone* and approved in *Trudeau.*

The rule stated in *Ottone* and *Trudeau* is well grounded and sound. Our concern, however, is not with the statement of the rule, but with its application. The factual situations in *Ottone* and *Trudeau* are materially distinguishable from those in the case at bar. The facts in the instant case seem to present a novel question; although the testimony on the hearing of the original petition was concluded on September 5, 1961, the decree of the trial commissioner was not entered until fourteen months later on November 5, 1962.

Although we believe that orderly procedure would be better served by the filing of a motion to reopen the proceedings prior to the entry of the trial commissioner's decision if a petitioner has additional evidence to present prior to such time, it is our opinion that in the peculiar circumstances of this case the interests of justice require that where, as here, the trial commissioner had not decided the merits of the controversy within ten days after the hearing in compliance with G. L. 1956, §28-35-27, we treat the

decree entered on November 5, 1962 as relating back to September 5, 1961, the date on which the testimony was concluded.

We hold, therefore, that the rule established in *Ottone* and *Trudeau* is not applicable to the facts in this case and that the commission was warranted in considering facts occurring after the conclusion of the hearing but prior to the date of the entry of the November 5, 1962 decree in inquiring as to whether petitioner's incapacity had ended, diminished, increased or returned. The starting point in the case at bar was September 5, 1961, not November 5, 1962. The respondent's contention that petitioner's claim should be limited to the period subsequent to August 27, 1963, the date on which the instant petition was filed, is without merit and requires no further consideration.

We come now to the questions whether the findings of fact are supported by competent evidence. We shall first consider petitioner's contention that there is no evidence to support the findings in paragraph 1 of the trial commissioner's decree that petitioner has failed to prove by a fair preponderance of the evidence that his incapacity for work during the periods in question was connected with the original injury he sustained while in respondent's employ.

It is well settled that in review proceedings petitioner has the burden of proving that incapacity due to injury has increased or returned. *Gray* v. *Kagan*, 87 R. I. 264. It is also well established that findings of fact made by the commission, whether positive or negative, if supported by competent evidence are conclusive in the absence of fraud. *DeFusco* v. *Ochee Spring Water Co.*, 84 R. I. 446. Under our act we are not permitted to pass on the weight of the evidence. *Larose* v. *Warwick Brass Foundry, Inc.*, 97 R. I. 459, 198 A.2d 668. The petitioner has the further burden of persuading this court, on appeal, that there is no evi-

dence to support the commission's findings. *Blanchette v. Lucia Trucking, Inc.*, 99 R. I. 532, 209 A.2d 56.

In his written decision the trial commissioner, after carefully reviewing the evidence including the medical testimony, did not question the fact that petitioner had intermittent back trouble at various times causing him to remain out of work and requiring hospitalization. However, he concluded that petitioner had not proven by a fair preponderance of the evidence that the periods of incapacity and the hospitalizations in question were connected with the injury he sustained while in respondent's employ. Indeed he found that prior to October 1, 1963, petitioner's incapacity for work and hospitalizations were caused by intervening incidents unconnected with his employment with respondent.

The negative finding of fact that petitioner had failed to sustain his burden of proof was based on the weight which the commission gave to petitioner's evidence, as well as to the presence of evidence indicating that intervening incidents had occurred which influenced the commission's findings as to the cause of the hospitalizations and periods of incapacity claimed by petitioner. After carefully reading the transcript and examining the exhibits we cannot say that petitioner has sustained his burden of proof with respect to the findings in paragraph 1 of the trial commissioner's decree, as affirmed by the full commission.

We come now to respondent's contention that the findings of fact included in paragraphs 2 and 3 of the trial commissioner's decree, which were affirmed by the decree of the full commission, are contrary to law. We do not agree with respondent. The trial commissioner found as a fact that the incapacity and hospitalization commencing on October 2, 1963 were caused, not by an intervening incident or episode, but by the original injury sustained by petitioner while in respondent's employ. This finding is supported by

petitioner's testimony and by the medical evidence and is therefore conclusive.

Paragraph 2 of the November 5, 1962 decree contains a finding of fact that petitioner's incapacity for work ended on June 16, 1961. The testimony in the hearing on the original petition was concluded on September 5, 1961 and we have held that the decree entered on November 5, 1962 relates back to September 5, 1961. On this record we are constrained to conclude that the petitioner has shown a return of incapacity on October 1, 1963 and consequently a change from what it was on September 5, 1961. See *Balcom, supra*. In our judgment there is no merit in respondent's contention that the findings in paragraphs 2 and 3 of the decree are contrary to law.

The appeals of both parties are denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Charles H. Anderson,* for petitioner.

*Worrell and Hodge, Eldridge H. Henning, Jr.,* for respondent.