*Carroll, Kelly & Murphy, Ambrose W. Carroll,* for respondent.

223 A.2d 441.

BRISTOL MANUFACTURING CORPORATION *vs.*
JAMES ABENANTE.

OCTOBER 24, 1966.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is an employer's petition to review a preliminary agreement, under which an employee had been receiving payments for partial incapacity, wherein it is alleged that the incapacity of the employee has ended. A trial commissioner, after hearing, entered a decree wherein he found that the respondent employee was capable of doing the work he had been engaged in at the time of his injury, that his incapacity for work had ended, and ordered a suspension of the payments of compensation. From that decree the respondent appealed to the full commission, and thereafter a decree was entered affirming the decree of the trial commissioner. The respondent is now prosecuting an appeal therefrom to this court.

The petitioner introduced into evidence a medical report, in which the examining physician, referring to respondent, said: "I feel that this man is capable of working and I would not consider him disabled at this time. I do not see any need for any particular treatment." The respondent, on the other hand, testifying in his own behalf, stated that on numerous occasions he has been unable to complete a full day's work and that since his return to his present employment has been unable to perform any overtime work. He testified further that at the time he was injured he was regularly working several hours a week overtime. The respondent urges that because he is unable to engage in overtime work and, therefore, earn wages equal to those he was earning at the time he was injured, it was error for the commission to find that he was not partially incapacitated to that degree.

The controlling question here is whether this record con-

tains any legally competent evidence upon which the commission could reasonably rest its finding that respondent's incapacity had ended, it being well settled that findings of fact made by the commission on the basis of legally competent evidence are conclusive upon this court on review absent fraud. *Costa v. Cars, Inc.*, 100 R. I. 682, 219 A.2d 122. In our opinion, the examining physician's report constitutes such evidence.

The respondent directs our attention to the fact that the testimony concerning his inability presently to earn wages equal to those which he was earning at the time of his injury is uncontradicted and, therefore, should be conclusive on the issue of his continuing partial incapacity. We cannot agree, however, that the thrust of this argument is other than an attempt to rebut the evidence adduced through the examining physician's report that respondent is capable of working and is not disabled. Basically, this goes to the question of the propriety of the exercise of its fact-finding power by the commission in the circumstances. We said in *McDonald v. John J. Orr & Son, Inc.*, 94 R. I. 428, 431, concerning attempts to rebut such evidence: "The petitioner's rebuttal thereof did nothing more than to raise a question of credibility, and the commission's determination of the extent, if any, to which the probative force of respondent's testimony was blunted by this rebuttal constituted a proper exercise of its exclusive fact-finding power. Where the commission, in an exercise of its fact-finding power, determines the probative force of legally competent evidence, its action therein will not be reviewed by this court." It is then our opinion that the findings of the commission are supported by legally competent evidence and the decree entered thereon will not be disturbed.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded

338

to the workmen's compensation commission for further proceedings.

*Vincent J. Chisholm,* for petitioner.

*Abedon, Michaelson, Stanzler and Biener, Richard A. Skolnik,* for respondent.