387 A.2d 692.

EVELYN BELANGER *v.* WEAVING CORPORATION OF AMERICA.

JUNE 23, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

DORIS, J. This is a petitioner's appeal from a decree of the full Workers' Compensation Commission (the commission) affirming the trial commissioner's finding that the

petitioner's right to benefits for total incapacity resulting from a work-related injury commenced on January 12, 1975, rather than October 10, 1974.

The petitioner, Evelyn Belanger, sustained an injury to her back during the course of her employment with respondent, Weaving Corporation of America, on October 24, 1973. This injury was diagnosed as a herniated disc. On October 9, 1974, the parties entered into a preliminary agreement for partial disability benefits retroactive to June 10, 1974, and continuing for the duration of petitioner's partial incapacity. The agreement was approved by the Director of Labor on October 31, 1974. The petitioner filed a petition to review this agreement on April 21, 1975, in which she alleged an increase in disability from partial to total beginning April 24, 1974, and requested certain dependency benefits and permission for surgery.

Subsequently, a hearing was held before a trial commissioner on the petition for review. At the hearing, petitioner attempted to introduce testimony of her doctor relating to her physical condition prior to October 9, 1974, the date of the preliminary agreement for partial incapacity benefits. The trial commissioner ruled that that testimony was inadmissible, but permitted the doctor to testify that he had examined petitioner on January 12, 1975, and found her to be totally incapacitated at that time. Thereafter, the trial commissioner entered a decree awarding petitioner benefits for total incapacity commencing on January 12, 1975. On petitioner's appeal to the full commission, the decision of the trial commissioner was affirmed.

The petitioner argues before this court that the full commission erred in affirming the trial commissioner's exclusion of her physician's testimony concerning her condition prior to October 9, 1974. She contends that the purpose behind the presentation of that evidence was not to alter the effect of the preliminary agreement for partial disability, but to show that petitioner was entitled to total disability benefits as of

October 10, 1974. Therefore, petitioner asserts that the testimony was properly admissible.

It is well settled that upon approval by the Director of Labor, an agreement between parties for workers' compensation benefits has the full force and effect of a decree, and, in the absence of fraud or coercion, the doctrine of res judicata applies to the extent of the facts agreed upon in the document. *See Trudeau* v. *United States Rubber Co.*, 92 R.I. 328, 168 A.2d 460 (1961); *Ottone* v. *Franklin Process Co.*, 76 R.I. 431, 71 A.2d 780 (1950); *Airedale Worsted Mills, Inc.* v. *Cote*, 75 R.I. 361, 66 A.2d 802 (1949). The petitioner does not disagree with this principle, but argues that the provisions in the workers' compensation statute for petitions to review decrees, orders, or agreements, G.L. 1956 (1968 Reenactment) §28-35-45, limit the effect of res judicata. This right to further litigation between the parties necessitates a curbing of the doctrine which normally precludes evidence on all issues which could have been raised and litigated during the initial proceedings. *See DiVona* v. *Haverhill Shoe Novelty Co.*, 85 R.I. 122, 127 A.2d 503 (1956). Therefore, petitioner states that res judicata should apply only to the particular issues resolved in the agreement, and not to the admissibility of evidence at a later time on a different matter.

However, the matter which petitioner is attempting to prove in the instant case is whether or not her disability had increased since the October 9, 1974, agreement so as to entitle her to benefits for total incapacity. It was therefore necessary for her to show a change in her condition *after* October 9, 1974, and continuing to the present. *See Vigneau* v. *Grinnell Corp.*, 100 R.I. 453, 216 A.2d 891 (1966); *Balcom* v. *Providence Sheraton Corp.*, 98 R.I. 357, 201 A.2d 913 (1964); section 28-35-45. The petitioner cites similar cases in which evidence of an employee's physical condition prior to the last agreement or award of benefits was admitted; but in each of these cases, separate evidence of deterioration was also presented dating from the time of the agreement or award. Thus, the testimony concerning the employee's condition prior to the agreement or award was

deemed to be merely incidental to the ultimate resolution of the issue. *See Ryan v. Grinnell Corp.*, 117 R.I. 14, 362 A.2d 127 (1976); *Workmen's Compensation Appeal Bd. v. Gimbel Bros.*, 19 Pa. Commw. 176, 338 A.2d 755 (1975).

Here, petitioner brought forward no evidence of change in her disability between the agreement date of October 9, 1974 and January 12, 1975, the date on which the petitioner's doctor next examined her and found total incapacity. Therefore, it would seem that the admission of the doctor's testimony relating to petitioner's condition prior to October 9, 1974 could not have affected the trial commissioner's finding as to the date upon which total disability began. For petitioner to prove an increase in incapacity, the evidence must be comparative in nature and not pertain solely to an existing condition. *See Ryan v. Grinnell Corp., supra.*

It is the opinion of this court that the trial commissioner did not err in excluding the disputed testimony, as it could not alone establish a change in the petitioner's condition since the agreement of October 9, 1974. Clearly, there was adequate evidence upon which the finding could be based that the petitioner's entitlement to total incapacity benefits began on January 12, 1975. On appeal, this court will not disturb the findings of fact of the commission unless the record is without legal evidence to support them. *Auclair v. American Silk Spinning Co.*, 109 R.I. 395, 286 A.2d 253 (1972); *Romano v. Collyer Insulated Wire Co.*, 98 R.I. 432, 204 A.2d 298 (1964). Therefore, we affirm the decree of the full commission.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the case is remanded to the Workers' Compensation Commission for further proceedings.

*Lovett & Linder, Ltd., Raul L. Lovett,* for petitioner.

*Hinckley, Allen, Salisbury & Parson, Thomas J. Hogan, Robert W. Lovegreen,* for respondent.