Victor **MARTINEZ**

v.

**BAR–TAN MANUFACTURING.**

**No. 84–518–M.P.**

Supreme Court of Rhode Island.

Feb. 24, 1987.

Stephen M. Rappoport, Steven J. Hirsch, Slepkow Slepkow & Rappoport, East Providence, for petitioner.

Joanne McTiernan, Anderson Anderson & Zangari, Providence, for respondent.

## OPINION

**WEISBERGER, Justice.**

This workers' compensation case comes before us on the employee's petition for certiorari to review a final decree of the appellate commission finding that the employee had failed to prove by a fair preponderance of credible evidence a recurrence of his incapacity for work since the entry of the last unappealed decree that terminated compensation. The facts pertinent to the employee's petition are as follows.

On December 1, 1982, a trial commissioner entered a decree finding that petitioner, Victor Martinez, had sustained on March 9, 1982, back and leg injuries arising out of and in the course of his employment as a machine operator with respondent, Bar-Tan Manufacturing, Company (Bar-Tan). Delimiting periods of resultant disability, the commissioner awarded Martinez compensation for a period of total disability spanning the date of injury through August 2, 1982, as well as a period of partial disability spanning August 3, 1982, through October 27, 1982. In closing the period of partial disability on October 27, 1982, the commissioner explicitly found that as of that date Martinez was no longer incapacitated for work in whole or in part.

The commissioner's finding that Martinez was fully capable of returning to work as of October 27, 1982, was supported by medical testimony admitted into evidence on November 15, 1982, at the hearing that preceded the decree. Specifically, the orthopedic surgeon who had treated Martinez since the onset of his injuries and resultant disability testified that during a consultation on October 27, 1982, he had advised Martinez that it was medically appropriate to resume, as of that day, all the duties of his previous employment with Bar-Tan. At the time of his testimony, the surgeon had not evaluated Martinez since the October consultation.

On November 17, 1982, just two days after his surgeon had testified to his fully recovered capacity for work, Martinez sought further treatment from his surgeon for continuing back pain. The surgeon examined Martinez and found that his capacity for work had deteriorated since the October consultation.

Because the hearing had been concluded after the surgeon's testimony on November 15, 1982, Martinez filed a petition to reopen the hearing in order to present the commissioner with the results of the surgeon's examination on November 17, 1982. For procedural reasons not pertinent to this review, the petition to reopen was denied and the decree of December 1, 1982, was entered as previously described.

Martinez did not appeal the specific factual findings or compensation awards embodied in the decree of December 1, 1982. He did, however, file on December 21, 1982, a petition to review the alleged deterioration in his capacity for work, arguing that the deterioration warranted an award of compensation for a new period of causally related disability beginning November 17, 1982.

The medical evidence presented at the hearing on the petition to review comprised a series of examinations performed by the orthopedic surgeon who had initially treated Martinez as well as an examination performed by an orthopedic surgeon to whom Martinez had later turned for a second opinion. At the beginning of his testimony, the surgeon who initially treated Martinez affirmed that he had testified on November 15, 1982, at the hearing on the original petition and that during that testimony he had offered his opinion that as of his examination on October 27, 1982, Martinez was fully capable of performing his prior duties at Bar-Tan. The surgeon then testified that during his next examination of Martinez on November 17, 1982, he diagnosed a paralumbar muscle strain, considered the possibility of a spinal disc problem, and causally related those findings to the injuries Martinez sustained on March 9, 1982. Comparing that examination with his previous examination on October 27, 1982, the surgeon further testified that Martinez's condition had worsened and that, as a consequence, Martinez was not, on November

17, 1982, fully capable of performing his prior duties at Bar-Tan but rather was partially incapacitated for such duties. The surgeon stated that he had maintained his opinion that Martinez was partially incapacitated through his next examination on January 19, 1983. Although he did not find any objective signs of muscle spasm during that examination, the surgeon noted that Martinez was experiencing more pain at that time than he had experienced at the October examination. Consequently, the surgeon continued to restrict Martinez's physical activity. On March 7, 1983, and April 6, 1983, the surgeon examined Martinez and again noted complaints of pain in the absence of positive objective findings. During those examinations, however, the surgeon lifted all restrictions on Martinez's physical activity. Accordingly, the surgeon testified that as of his examination on March 7, 1983, and through his final examination on April 6, 1983, he found Martinez fully capable of performing the duties of his previous employment with Bar-Tan.

The orthopedic surgeon to whom Martinez turned for a second opinion examined him on August 19, 1983. The surgeon testified that during that examination he found Martinez totally incapacitated for work on the basis of physical findings causally related, in his opinion, to the injuries Martinez sustained on March 9, 1982. During cross-examination, however, the surgeon acknowledged that he was not familiar with the specific duties previously performed by Martinez for Bar-Tan or with the details of the medical treatment previously received by Martinez for the injuries of March 9, 1982. The surgeon further testified that he was unable to form an opinion of Martinez's capacity for work prior to his examination on August 19, 1983.

The trial commissioner rendered her decision and entered a decree thereon, finding that Martinez had proven by a fair preponderance of credible evidence a recurrence of his incapacity for work by reason of the effects of the injuries sustained on March 9, 1982. The commissioner awarded Martinez compensation for a period of partial disability spanning November 17, 1982,

through March 7, 1983. In her decision, the commissioner stated that justice required the consideration of medical evidence documenting a change in Martinez's capacity for work subsequent to the conclusion of the hearing on the original petition but prior to the entry of the decree in that matter. Although she did not discuss the reasons for her apparent rejection of the testimony of the surgeon who had examined Martinez on August 19, 1983, the commissioner concluded her decision by stating that she had carefully considered all the testimony and all the documents admitted into evidence at the hearing.

Both parties appealed. In his appeal, Martinez argued that the commissioner erred in failing to find continuing incapacity after March 7, 1983, and in misconceiving, overlooking, or rejecting without explanation the testimony of the surgeon who had examined him on August 19, 1983. In its appeal, Bar-Tan argued that the commissioner erred in considering medical evidence of an alleged deterioration in Martinez's capacity for work occurring prior to the entry of the last unappealed decree that terminated compensation. The appellate commission denied and dismissed Martinez's appeal and sustained Bar-Tan's appeal. On October 11, 1984, the appellate commission entered a new decree, finding that Martinez had failed to prove by a fair preponderance of credible evidence a recurrence of his incapacity for work by reason of the effects of the injuries sustained on March 9, 1982.

Martinez filed this petition for certiorari to review the final decree of the appellate commission. His petition presents this court with two questions of law. First, may a trial commissioner consider medical evidence of an alleged change in an employee's capacity for work occurring after the conclusion of the hearing on the previous petition for compensation but before the entry of the decree thereon? Second, is the testimony of a physician who can only offer an opinion of an employee's physical condition at one point in time com-

petent evidence of an alleged change in the employee's capacity for work?

## I

■ Pursuant to G.L.1956 (1986 Reenactment) § 28–35–45, either the employer or the employee may file a petition to review the compensation decree currently awarding or terminating benefits on the grounds that the incapacity of the injured employee has diminished, ended, increased, or returned and that the prior award or termination of benefits should be modified in accordance with that change. In *Ottone v. Franklin Process Co.*, 76 R.I. 431, 437, 71 A.2d 780, 783 (1950), this court established the entry date of the last unappealed decree as the point from which the petitioner for review must measure and prove the alleged change in the employee's capacity for work. As stated, the *Ottone* rule precludes a trial commissioner from considering at a review hearing medical evidence of a change in the employee's capacity for work occurring before the entry of the last unappealed decree.

Bar-Tan asserts that the *Ottone* rule is the settled law of this jurisdiction and, as such, establishes December 1, 1982, the entry date of the original decree, as the point from which Martinez must prove a change in his capacity for work. Martinez, on the other hand, contends that an application of the rule within the context of his petition to review is unjust in that it bars, in contradiction of § 28–35–45, a review of an alleged recurrence of his incapacity on November 17, 1982, without serving the rule's underlying purpose. We agree.

■ Although the *Ottone* rule is, as Bar-Tan asserts, the settled law of this jurisdiction, *see, e.g., Belanger v. Weaving Corp. of America*, 120 R.I. 348, 350, 387 A.2d 692, 693–94 (1978); *Raymond v. B.I.F. Industries, Inc.*, 112 R.I. 192, 196, 308 A.2d 820, 822 (1973); *Vigneau v. Grinnell Corp.*, 100 R.I. 453, 455–56, 216 A.2d 891, 893 (1966); *Trudeau v. United States Rubber Co.*, 92 R.I. 328, 331, 168 A.2d 460, 462 (1961), it is not without exception. In carving that exception in *Costa v. Cars, Inc.*,

100 R.I. 682, 686, 219 A.2d 122, 124 (1966), this court expressed a concern not for the statement of the rule but for its application to the facts of that case. In *Costa* a trial commissioner had neither rendered a decision nor entered a decree on the original petition for a period of fourteen months following the conclusion of the hearing. Finding that fourteen-month interval extraordinary and well beyond the statutory period allotted for rendering a decision and entering a decree, this court concluded that an application of the *Ottone* rule to the subsequent petition to review would unjustly bar a consideration of the facts occurring after the conclusion of the hearing on the original petition but before the entry of the decree fourteen months later. 100 R.I. at 686–87, 219 A.2d at 124–25. In light of the unusual facts presently under review, we similarly conclude that an application of the *Ottone* rule to the instant petition would unjustly bar a consideration of the facts allegedly documenting the recurrence of Martinez's incapacity on November 17, 1982.

■ The sole and clearly enunciated purpose for establishing the entry date of the last unappealed decree as the starting point for a later review of an alleged change in an employee's capacity for work is to prevent repeated reviews of facts previously determined. *Ottone*, 76 R.I. at 436–37, 71 A.2d at 783. Since the trial commissioner hearing Martinez's original petition never considered the results of the November 17 examination, an application of the *Ottone* rule to preclude a consideration of those results at the subsequent review hearing would fail to serve the rule's underlying purpose. Failing that purpose, an application of the rule would only serve to prevent an actual adjudication of the alleged change in Martinez's capacity for work. Such a result is contrary to the Legislature's intent to grant both the employer and the employee a comprehensive right to litigate through a petition to review material changes over time in the employee's capacity for work. *Cf. DiVona v. Haverhill Shoe Novelty Co.*, 85 R.I. 122, 126, 127

A.2d 503, 505 (1956) (statutory right to petition for review of changes in incapacity limits application of doctrine of res judicata at review hearing so as only to preclude consideration of facts actually raised and decided in previous hearing). Thus, when, as here, an employee's capacity for work changes after the conclusion of a hearing but before the entry of the decree thereon and when procedural rules prevent the reopening of the hearing to present evidence of that change, a trial commissioner may consider evidence of the alleged change at a subsequent review hearing.

In its brief, Bar-Tan argues that since the trial commissioner hearing the original petition rendered a decision and entered a decree thereon within the period required by § 28–35–27, there is no compelling reason, as there was in *Costa*, to carve an exception to the *Ottone* rule. That argument misconceives the reasoning in *Costa*. This court specifically stated that the interests of justice compelled its holding the *Ottone* rule inapplicable to the peculiar circumstances of the case. *Costa*, 100 R.I. at 686–87, 219 A.2d at 124–25. The extraordinary interval between the hearing and the entry of the decree was illustrative of, but did not exclusively define, circumstances in which an application of the *Ottone* rule was unjust. The facts of the instant petition present a set of circumstances less dramatic than but equally persuasive as those of *Costa*, under which an application of the *Ottone* rule is unjust. Furthermore, if we were to accept Bar-Tan's argument, any change in an employee's capacity for work occurring during the statutory period allotted for rendering a decision and entering a decree would be beyond review, as long as the trial commissioner rendered the decision and entered the decree within the required period. It is our opinion that in prescribing a mandatory period during which a trial commissioner must render a decision and thereafter enter a decree, the Legislature did not intend to bar completely a review of a change in incapacity occurring during that period, regardless of the facts presented.[1]

Accordingly, the appellate commission erred in holding that the *Ottone* rule precluded the trial commissioner from considering the medical evidence documenting a change in Martinez's capacity for work after the conclusion of the hearing on the original petition but before the entry of the decree in respect to that petition.

## II

Having determined that Martinez presented competent evidence of a recurring period of incapacity for work spanning November 17, 1982, through March 7, 1983, we next consider whether he presented competent evidence establishing a subsequent recurrence of that incapacity on August 19, 1983.

Martinez contends that the testimony of the orthopedic surgeon who examined him on August 19, 1983, is competent evidence of sufficiently probative force to establish his claim of recurring incapacity as of the surgeon's examination, even though the testimony pertained only to his capacity for work at one point in time. In support of this contention, Martinez suggests that the trial commissioner and appellate commission could have found a recurrence of his incapacity by comparing the surgeon's findings of August 19, 1983, with the findings of the surgeon who had examined him March 7, 1983. That suggestion misconceives the nature of the fact to be proven as well as the nature of the required expert testimony.

█ A recurrence of incapacity connotes a change in the employee's capacity for work from one point in time to another. Therefore, to prove a recurrence, the petitioner must document the alleged change by presenting an expert witness who compares the employee's previous condition at

1. This view of the Legislature's intent does not disturb our decision in *Carr v. General Insulated Wire Works, Inc.*, 97 R.I. 487, 199 A.2d 24 (1964), where we held that in enacting G.L.1956 § 28–35–27, the Legislature did intend to preclude a trial commissioner from reopening a case after rendering a decision but before entering the decree.

the time when benefits were terminated with the employee's present condition and consequently renders an opinion that the incapacity has recurred. *Belanger v. Weaving Corp. of America*, 120 R.I. at 351, 387 A.2d at 694; *Ryan v. Grinnell Corp.*, 117 R.I. 14, 17, 362 A.2d 127, 129 (1976).

■ The rule that opinion evidence of a recurrence of incapacity must be in itself sufficiently comparative so as to document the alleged change is grounded in the general principle that an expert witness may not testify to a conclusion without laying an adequate foundation for that conclusion. This underlying principle is a broad proposition governing the nature of opinion evidence not only in workers' compensation cases but in other types of cases as well. *See, e.g., Alterio v. Biltmore Construction Corp.*, 119 R.I. 307, 312–14, 377 A.2d 237, 240 (1977) (breach of contract case); *Nasco, Inc. v. Director of Public Works*, 116 R.I. 712, 721, 360 A.2d 871, 876 (1976) (eminent domain case); *L'Etoile v. Director of Public Works*, 89 R.I. 394, 402, 153 A.2d 173, 178 (1959) (eminent domain case).

■ To make the comparison inherent in rendering an opinion that an employee's present condition represents a change, the expert obviously must possess knowledge of the employee's prior capacity for work. *Ryan*, 117 R.I. at 17, 362 A.2d at 129. Accordingly, it is the established rule of this jurisdiction that an expert witness possessing no knowledge of the employee's prior condition and testifying solely to the employee's present condition is not competent to render an opinion that the employee's incapacity for work has recurred. *See Belanger*, 120 R.I. at 351, 387 A.2d at 694; *Ryan*, 117 R.I. at 17, 362 A.2d at 129.

■ By interpreting and comparing specific findings of successive examinations, the testimony of the surgeon who had initially treated Martinez clearly documented a change in Martinez's capacity for work over time and, thus, was competent to support the trial commissioner's finding that Martinez's incapacity for work

recurred on November 17, 1982, and subsequently ended on March 7, 1983. To prove a later recurrence of incapacity on August 19, 1983, Martinez was required to present expert testimony comparing his condition on that day with his previous condition on March 7, 1983. Martinez failed to do so. The surgeon who examined Martinez on August 19, 1983, testified that he possessed no knowledge of Martinez's previous medical evaluations and treatment and could not render an opinion regarding Martinez's capacity for work prior to his examination. Without the required comparison documenting a change, the surgeon's testimony was not competent evidence of the alleged recurrence of incapacity for work on August 19, 1983.

■ In his brief, Martinez argued that if we were to determine, as we have done, that opinion evidence must be comparative in nature in order to document the change inherent in a claim of recurrent incapacity, we would both restrict the employee's right, pursuant to § 28-33-8, to select over time more than one physician for evaluation and treatment as well as preclude the employer from presenting at a hearing on its petition to review testimony of a physician other than the one selected by the employee for treatment. That argument is without merit. It falsely assumes that a physician can only make the comparison necessary to form an opinion that the employee's condition changed over time by personally examining the employee at successive points in time. This court has clearly stated that the testifying physician "may make the necessary comparison from the records of another doctor, the results of x-rays and other tests, or in response to properly posed hypothetical questions." *Ryan*, 117 R.I. at 18, 362 A.2d at 130. Since the testifying physician is allowed to make the necessary comparison from other sources, neither the employee's nor the employer's flexibility in selecting experts to testify at a review hearing is restricted. Had the surgeon examining Martinez on August 19, 1983, familiarized himself with the results of the March 7, 1983 examination, he could have competently testified to

a change in Martinez's condition occurring between those two dates.

Accordingly, the appellate commission did not err in holding that absent a comparison of Martinez's condition on August 19, 1983, with his previous condition on March 7, 1983, the surgeon's testimony was not competent evidence of a recurrence of incapacity.

For the reasons stated, Martinez's petition for certiorari is granted in part and denied in part. The decree of the appellate commission is hereby quashed in part and affirmed in part. The papers in the case may be remanded to the appellate commission for further proceedings in accordance with this opinion.