Muriel Constance **ALTERIO**

v.

**CHERRY HILL MANOR
NURSING HOME LTD.**

No. 86–5–M.P.

Supreme Court of Rhode Island.

Feb. 22, 1988.

Raulo L. Lovett, Marc B. Gursky (Lovett, Schrefrin & Gallogly, Ltd.), Providence, for plaintiff.

Robert Jeffrey, Mark McKenney (Higgins, Cavanagh & Cooney), Providence, for defendant.

## OPINION

FAY, Chief Justice.

This workers' compensation case comes before this court on the employee's petition for certiorari to review a final decree of the Workers' Compensation Appellate Commission's finding that the employee had failed to prove by a fair preponderance of credible evidence a recurrence of her incapacity for work. We affirm. The facts pertinent to the employee's petition are as follows.

On November 29, 1981, employee Muriel Constance Alterio (Alterio) sustained injuries to her lower back and hip while working as a nurse's aide for her employer, Cherry Hill Manor Nursing Home (Cherry Hill). A consent decree was entered into on February 10, 1982, granting employee compensation benefits as provided by the Workers' Compensation Act, G.L. 1956 (1979 Reenactment) §§ 28–33–5 and 28–33–8.

On November 22, 1983, a trial commissioner issued a decision finding that Cherry Hill had met its burden of proof by showing that Alterio no longer suffered from an incapacity to work. The trial commissioner therefore suspended employee's benefits and a final decree was entered on December 2, 1983. In a decree entered on October 10, 1984, the appellate commission affirmed the trial commissioner's ruling suspending employee's benefits.

On November 19, 1984, Alterio filed a petition to review the decree of the appellate commission. In that petition she alleged that her incapacity for work had returned from "November 16, 1984 and continuing" as a result of the November 29, 1981 injury.

Hearings on the petition to review were held on February 20, 1985, and June 24, 1985. The employee testified that her duties as a nurse's aide included extensive physical exertion, primarily lifting patients into and out of bed. Alterio stated that on November 29, 1981, she slipped and fell on a wet floor while carrying empty food trays, sustaining injuries to her back and neck. During the course of the hearings employee was asked to compare her then-present physical pain and discomfort in her hip and lower back with her condition in September 1982. She answered, "I think it's worse." She also said her condition was worse in December 1982 and October 1984 and that she had not worked since her injury in November 1981.

The employee alleges that the testimony of Dr. Peter Pizzarello, orthopedic surgeon, established that her condition had worsened since the entry of the last decree of the appellate commission entered October 10, 1984.[1] Doctor Pizzarello testified he had been treating employee since March 22, 1982, for a back injury sustained in November 1981. He initially diagnosed the condition as lower-back-strain syndrome, a question of neuralgia paresthetica of the right side. He also stated he saw petitioner numerous times since October 1984, and in response to questioning with regard to the change in her condition since that time, he answered, "[C]ertainly no better."

Doctor Pizzarello testified that he saw employee in November and December 1984 and February and May 1985. He stated that she had the same complaints, few that he felt were objectively substantiated, and it was his opinion that she was partially disabled during those visits.

The most pertinent part of Dr. Pizzarello's testimony regarding any deterioration in employee's condition emerged during cross-examination. The doctor testified as follows:

"Q: Isn't it correct as of that time you can't state with any reasonable degree of medical certainty that her condition has changed for the worse?

"A: You are absolutely correct in light of investigative studies and reports I have today. That is correct."

Relying on this testimony, the trial commissioner found that employee had failed to prove that her condition had worsened since the entry of the last decree. The trial commissioner entered a final decree in August 1985. The employee then filed a claim of appeal with the appellate commission. The appellate commission affirmed the trial commissioner's ruling in a final decree entered on August 22, 1985. Upon employee's appeal of that commission's decision, this court granted certiorari.

The employee presents two issues before this court. The first is whether the appellate commission erred in finding that she failed to present sufficient evidence to sustain her burden of proof as a petitioner seeking compensation benefits for a recurring incapacity. Second, employee alleges that the trial commissioner levied a heavier burden of proof on her than on her employer, Cherry Hill, despite the statute's neutrality. We note employee did not raise this issue during the course of the hearings. Under well-settled case law, she is precluded from raising it on appeal; thus, this court will not address this issue. *Fiske v. MacGregor, Division of Brunswick,* 464 A.2d 719, 726 (R.I.1983).

Pursuant to G.L. 1956 (1986 Reenactment) § 28–35–45, either the employer or the employee may file a petition to review the compensation decree currently awarding or terminating benefits on the

---

1. The employee claims the correct date from which to prove the alleged change in her capacity to work is the last date of testimony. In *Ottone v. Franklin Process Co.,* 76 R.I. 431, 437, 71 A.2d 780, 783 (1950), this court established the entry date of the last unappealed decree as the point from which the petitioner for review must measure and prove the alleged change in the employee's capacity for work. This is to prevent repeated reviews of facts previously determined. The appellate commission correctly determined that the date for comparison is October 10, 1984, the entry date of the appellate commission's decree affirming the trial commissioner's decision to suspend benefits. *See also Martinez v. Bar-Tan Manufacturing,* 521 A.2d 134, 138 (R.I.1987).

ground that the injured employee's physical status has changed; therefore, a modification of the decree should reflect it. *Martinez v. Bar-Tan Manufacturing*, 521 A.2d 134 (R.I.1987). The burden of proving the allegations set forth in a petition for review lies with the employee. *Faria v. Carol Cable Co.*, 527 A.2d 641 (R.I.1987); *Coletta v. Leviton Manufacturing Co.*, 437 A.2d 1380 (R.I.1981); *see Soprano Construction Co. v. Maia*, 431 A.2d 1223, 1225 (R.I.1981). The most essential element in a review petition is competent evidence establishing that an incapacity for work recurred after the suspension decree and that the recurrence was causally linked to the original and previously compensated injury. *Faria*, 527 A.2d at 643; *Martinez*, 521 A.2d at 139–40. This court has previously held that for an employee to prove an increase in incapacity, the evidence must be comparative in nature and should not pertain solely to an existing condition. *Belanger v. Weaving Corporation of America*, 120 R.I. 348, 387 A.2d 692 (1978); *see Ryan v. Grinnell Corp.*, 117 R.I. 14, 362 A.2d 127 (1976). This rule requiring a comparison in the employee's condition serves to protect the integrity of the decree. *Faria*, 527 A.2d at 644. "That the employee's condition existing at the time of the suspension decree no longer supports a finding of incapacity is res judicata." *Id.*

▇ Documenting the alleged change via an expert witness provides the most effective avenue for a petitioner to prove a recurrence. The expert witness compares the employee's condition at the time benefits were terminated with the employee's present condition and renders an opinion whether the incapacity has recurred. *Martinez*, 521 A.2d at 140; *Belanger*, 120 R.I. at 351, 387 A.2d at 694; *Ryan*, 117 R.I. at 17, 362 A.2d at 129. There is an absolute necessity for a comparison, and any expert testimony that cannot document a change is not competent evidence of the alleged recurrence of incapacity to work. *Martinez*, 521 A.2d at 140. In the case at bar the trial commissioner correctly held that the employee did not fulfill this necessary requirement. The employee's own witness testified that he could not, with any degree

of medical certainty, state that her condition had changed for the worse. Doctor Pizzarello also stated that he found the employee's physical complaints to be "very consistent." With this testimony in mind we therefore hold that the trial commissioner's ruling was based upon sufficiently competent legal evidence. If supported by any legally competent evidence, and absent any fraud, the findings of the Workers' Compensation Commission are binding and conclusive. *Coletta v. Leviton Manufacturing Co.*, 437 A.2d at 1383; *Leviton Manufacturing Co. v. Lillibridge*, 120 R.I. 283, 387 A.2d 1034 (1978); *Jobin v. American Drilling & Boring Co.*, 118 R.I. 480, 374 A.2d 799 (1977).

For the reasons stated, Alterio's petition for certiorari is denied and the decree of the appellate commission is affirmed. The writ heretofore issued is quashed. The papers in this case may be remanded to the Workers' Compensation Commission with our decision endorsed thereon.

KELLEHER, J., did not participate.