Wilma CLAROS

v.

The WORCESTER COMPANY.

No. 94–151–M.P.

Supreme Court of Rhode Island.

Nov. 25, 1994.

John Coughlin, Ciccone, Coughlin & Waldman Law Associates, Providence, for plaintiff.

Michael R. DeLuca, Gidley, Sarli & Marusak, Providence, for defendant.

OPINION

PER CURIAM.

This matter came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this petition should not be summarily decided. In this case this court granted the petition of the Worcester Company for a writ of certiorari to review a decree entered by the Appellate Division of the Workers' Compensation Court. After reviewing the memoranda submitted by the parties and after hearing counsel in oral argument, this court concludes that cause has not been shown. The issues raised will be decided at this time.

This matter was originally heard before a trial judge who found in favor of petitioner, Wilma Claros. An appeal was filed to the appellate division. The case was argued before the appellate division on April 20, 1992, with Judges Gilroy and Rotondi sitting.

Following our opinion in *Martinez v. Bar-Tan Manufacturing*, 521 A.2d 134 (R.I.1987), the case was reassigned for oral argument in the appellate division. When reached, on January 18, 1994, the judges sitting were Judges Rotondi, Healy, and Arrigan who were informed that the appeal had already been argued before two judges. The case was passed. On February 28, 1994, a decision was issued and signed by Judges Rotondi, Healy, and Bertness. In short the appeal had been argued before two judges, and the written decision was signed by only one of the judges who had heard the appellate argument.

For these reasons the petition for certiorari is granted and the final decree of the appellate division under review is quashed. The papers of the case are remanded to the Appellate Division of the Workers' Compensation Court with our opinion endorsed thereon for an appropriate hearing before a panel properly constituted under the current statute.